EXHIBIT 1



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MICHELLE LOSCALZO,

                      Plaintiff,        Civil Action No. 07 Civ. 3046
(SCR)

   -against-

                                  **AMENDED COMPLAINT**

NEW ROC HARLEY DAVIDSON AND
BUELL, INC.,                        PLAINTIFF DEMANDS
                                    A TRIAL BY JURY

                      Defendant.
-------------------------------------------------------x

## I.  INTRODUCTORY STATEMENT

1.  Plaintiff Michelle Loscalzo, an unmarried female American citizen, thirty nine years of age,  seeks redress for discrimination on account of her sex, for sexual harassment, and for unlawful retaliation, suffered by her in violation of the Constitution and laws of the United States in her capacity as an employee of Defendant New Roc Harley Davidson And Buell, Inc.

## II.  JURISDICTION AND VENUE

2.  This action is brought and jurisdiction lies pursuant to 42 U.S.C. §§2000e(5) et seq., 2000e(16),  and 28 U.S.C. §§1331 and 1343, this being a suit based upon the provisions of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. §§2000e-2 et seq.  In addition, pursuant to 28 U.S.C. §1367(a), Plaintiff invokes the Court's supplemental jurisdiction as to pendent New York State claims arising under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law, Article 15, §290 et seq.

3.    Venue is proper in this district because Plaintiff's claim for relief arose here and Defendant maintains its office, and is doing business, here.

### III.  PARTIES

4.    Plaintiff Michelle Loscalzo ("Plaintiff") is a Caucasian unmarried female American citizen, thirty nine years of age, residing at 35 Shady Glen Court, New Rochelle, New York 10805.

5.    Upon information and belief, Defendant New Roc Harley Davidson And Buell, Inc., a motor cycle sales and service dealership, is a New York corporation or a foreign corporation having substantial contacts with the State of New York, with offices at 8 Industrial Lane, New Rochelle, N.Y. 10805.

### IV.  FACTS

6.    Plaintiff was employed by Defendant from November, 2005 to August 21, 2006 on a part time basis as a receptionist, and was employed as a full-time salesperson from August 21, 2006 until her discharge on February 8, 2007.

7.    During her employment, Plaintiff performed her duties satisfactorily, with care and success.

8.    During her employment, Plaintiff was repeatedly (essentially on a daily basis) subjected to numerous lewd and lascivious comments of a sexual nature by John Meskunas, Defendant's President and principal owner, frequently in the presence of other employees, which comments included, but were not limited to, the following:

a.    "You have great tits";

b.    You have the best ass in the place";

2

c.   "You have a great ass;

d.   On an occasion after Plaintiff had had her hair done, Mr. Meskunas asked her "does your carpet match your drapes";

e.   When Plaintiff wore Harley Davidson apparel being sold by Defendant at work, which she was required to do, which apparel was even remotely form fitting, Mr. Meskunas commented "thanks for wearing that today," "come sit on my lap," "that's sexy", "why don't you hug me";

f.   On one occasion, Mr. Meskunas, who was sitting on a motorcycle displayed in the showroom, asked Plaintiff to get on the back seat to see whether it was comfortable and, in order to get onto the seat she was required to hold on to his shoulder, and as she was settling into the seat, Mr. Meskunas made groaning sounds and said "keep going, I'm almost there.";

g.   On another occasion, Mr. Meskunas told Plaintiff he was going on a business trip without his wife and asked that she accompany him.;

h.   Mr. Meskunas also made gender based sexist remarks such as telling Plaintiff that because she was "the girl in the sales department," she should "water the plants", "clean-up", "dust the motorcycles", "get him a soda", and the like;

i.   On another occasion Mr. Meskunas compared the size of Plaintiff's breasts to those of another female employee, saying Plaintiff had large breasts and the other employee did not.

j.   On an occasion, when a customer left the showroom without buying a motorcycle, Mr. Meskunas said to Plaintiff "with tits like that you should be able to sell ice to an eskimo";

9.   Although Plaintiff repeatedly made it clear to Mr. Meskunas that she found his behavior offensive and unwelcome, he persisted therewith essentially on a daily basis.

10.   In addition, Defendant's Sales Manager Wayne Sforza, Plaintiff's immediate supervisor, subjected her to unwarranted criticism, refused to pay her overtime in accordance with Defendant's policy, and interfered with her right to receive sales commissions she had earned and/or credited such sales commission to himself because she refused to conform to his

3

stereotypical view of women.  Specifically, as he told Plaintiff on an occasion when one of the other female employees was hugging Mr. Sforza and lavishing her attention on him, "see, if you behaved like this, we wouldn't have any problems."

11.    On several occasions, Plaintiff complained to Defendant's General Manager Patti Massa about Mr. Sforza's behavior, but to no avail.

12.    In or about January 2007, plaintiff consulted with an attorney regarding the above-described unlawful treatment to which she had been subjected by Defendant.

13.    Shortly before her discharge, Plaintiff informed Defendant's General Manager Patti Massi of her consultation with the attorney regarding the unlawful treatment to which she had been subjected by Defendant.

14.    When Plaintiff was discharged, Mr. Meskunas told her that he couldn't say anything bad about her, but he had told her previously that he might have to fire her because his choice was to fire her, as Mr. Sforza didn't like working with her, or to fire Mr. Sforza; and, of course, he chose to discharge Plaintiff.

15.    Upon information and belief, Defendant will now claim that Plaintiff was discharged for poor sales performance and poor results on internet selling tests.  Any such claim is totally false; and with respect to internet test results, Plaintiff was told to take said tests without benefit of being provided with the course material, despite her repeated requests to Mr. Meskunas and Ms. Massa that she be supplied with same.

16.    Defendant's anticipated proffered reason for discharging Plaintiff (unsatisfactory performance) is false and a pretext to discriminate against Plaintiff based upon her sex, and to avoid the consequences of Defendant's sexual harassment of Plaintiff, and in retaliation for

4

complaining about the foregoing and for seeking legal advice with respect thereto.

17.    Plaintiff has been denied equal terms, conditions and privileges of employment (a) by reason of her female gender, (b) by reason of being subjected to sexual harassment, and (c) by being subjected to unlawful retaliation for complaining about the unlawful treatment to which she was subjected and for seeking legal advice regarding redress for the unlawful treatment to which she was subjected.

18.    On or about April 3, 2007, the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue, and Plaintiff thereafter commenced the within action.

19.    Following her discharge, Plaintiff timely elected to continue her medical coverage with Defendant via COBRA and made the required payments to Defendant by check in connection therewith; which checks were deposited by Defendant to its account.

20.    Thereafter, in or about May, 2007, Plaintiff submitted to Aetna, the medical insurance company she had elected under COBRA, medical bills for reimbursement for services incurred in or about March, 2007, and was advised by a representative of the insurer that her medical coverage had ceased as of the end of February 2007.

21.    At the beginning of June 2007, Plaintiff sent her monthly COBRA payment to Defendant, which Defendant deposited to it's account.

22.    Although it now claims that Plaintiff's COBRA payment for May or June was late, Defendant never advised Plaintiff that it had not timely received her COBRA payment for the month of May, and did not notify Plaintiff that she had 30 days to cure her failure to make said payment.

23.     Also, on or about early June, 2007, Defendant notified Plaintiff that her COBRA medical coverage had been discontinued for non-payment.

24.     Upon information and belief, Defendant accepted all Plaintiff's COBRA payments and deposited them to its account, but never forwarded the payments to the medical insurance carrier, or paid for Plaintiff's continued coverage, or notified the carrier that Plaintiff was continuing her coverage pursuant to COBRA, causing the carrier to deem Plaintiff's medical coverage to have ceased at the end of February, 2007.

25.     Defendant's failed to provide medical coverage for plaintiff pursuant to COBRA in order to unlawfully retaliate against Plaintiff for bringing the within law suit against Defendant.

26.     The acts of Defendant of sex discrimination, sexually harassment, discharge of Plaintiff and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 and the NYSHRL have caused Plaintiff to be permanently and irreparably harmed, and damaged and cost her wages, bonuses, savings benefits, insurance coverage, and additional pension benefits, among other losses, as a result of the illegal discrimination.

## V. FIRST CLAIM FOR RELIEF

27.     Plaintiff herewith realleges and incorporates by reference paragraphs "1" through "26" of this Amended Complaint.

28.     As a result of the willful actions of Defendant, constituting sex discrimination and sexual harassment, Plaintiff has been deprived of employment opportunities and her civil rights in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991.

6

## VI.  SECOND CLAIM FOR RELIEF

29.    Plaintiff herewith realleges and incorporates by reference paragraphs "1" through "28" of this Amended Complaint.

30.    As a result of the unlawful retaliation against Plaintiff by Defendant, Plaintiff has been deprived of employment opportunities and her civil rights in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991.

## VII.  THIRD CLAIM FOR RELIEF

31.    Plaintiff herewith  realleges and incorporates by reference paragraphs "1" through "30" of this Amended Complaint.

32.    As a result of the willful actions of Defendant, constituting sex discrimination and sexual harassment, Plaintiff has been deprived of employment opportunities and her civil rights in violation of the New York State Human Rights Law.

## VIII.  FOURTH CLAIM FOR RELIEF

_____33.    Plaintiff herewith realleges and incorporates by reference paragraphs "1" through "31" of this Amended Complaint.

34.    As a result of the unlawful retaliation against Plaintiff by Defendant, Plaintiff has been deprived of employment opportunities and her civil rights in violation of the New York State Human Rights Law.

## PRAYER FOR RELIEF

WHEREFORE: Plaintiff prays:

A.   Pursuant to the FIRST CLAIM FOR RELIEF against Defendant:

1.   That the Court find and declare that Plaintiff has suffered from acts of sexual

harassment and sex discrimination at the hands of Defendant, its agents, servants and employees;

2.   That Plaintiff be awarded the back pay she would have earned, together with related monetary benefits and other compensatory damages resulting from Defendant's intentional, willful and malicious conduct, including, but not limited to, damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, had she not been discharged, discriminated against on the basis of her sex or sexually harassed.

3.   That Plaintiff be awarded punitive damages for Defendant's intentional and willful conduct engaged in with malice and/or reckless indifference to Plaintiff's federally protected rights;

4.   That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein, including reinstatement and/or front pay;

5.   That Defendant pay Plaintiff's costs of this suit, together with her attorneys' fees and prejudgment interest.

B.   Pursuant to the SECOND CLAIM FOR RELIEF against Defendant:

1.   That the Court find and declare that the Plaintiff has suffered from acts of unlawful retaliation at the hands of Defendant, its agents, servants and employees;

2.   That Plaintiff be awarded the back pay she would have earned, together with related monetary benefits and other compensatory damages resulting from Defendant's intentional, willful and malicious conduct, including, but not limited to, damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other

8

non-pecuniary losses, had she not been retaliated against.

    3.    That Plaintiff be awarded punitive damages for Defendant's intentional and willful conduct engaged in with malice and/or reckless indifference to Plaintiff's federally protected rights;

    4.    That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein, including reinstatement and/or front pay;

    5.    That Defendant pay Plaintiff's costs of this suit, together with her attorneys' fees and prejudgment interest.

    C.    Pursuant to the THIRD CLAIM FOR RELIEF against Defendant:

    1.    That the Court find and declare that Plaintiff has suffered from acts of sex discrimination and sexual harassment at the hands of Defendant, its agents, servants and employees.

    2.    That Plaintiff be awarded compensatory damages and the back pay she would have earned, together with related monetary benefits, had she not been discharged;

    3.    That the Court order such further relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein, including front pay;

    4.    That Defendant pay Plaintiff's costs of this suit, together with reasonable attorney's fees and prejudgment interest; and

    5.    That Defendant pay Plaintiff Five Hundred Thousand Dollars ($500,000) as and for general damages for pain and suffering and emotional distress, incurred as a result of Defendant's conduct.

D.     Pursuant to the FOURTH CLAIM FOR RELIEF against Defendant:

1.     That the Court find and declare that Plaintiff has suffered from acts of unlawful retaliation at the hands of Defendant, its agents, servants and employees;

2.     That Plaintiff be awarded compensatory damages and the back pay she would have earned, together with related monetary benefits, had she not been discharged;

3.     That the Court order such further relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein, including front pay;

4.     That Defendant pay Plaintiff's costs of this suit, together with reasonable attorney's fees and prejudgment interest; and

5.     That Defendant pay Plaintiff Five Hundred Thousand Dollars ($500,000) as and for general damages for pain and suffering and emotional distress, incurred as a result of Defendant's conduct.

## X. <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.


Dated:  White Plains, New York          BERNBACH LAW FIRM PLLC
          August 21, 2007

                                        By: <u>s/ Jeffrey M. Bernbach</u>
                                             JEFFREY M. BERNBACH (JB 5131)
                                             Attorney for Plaintiff
                                             245 Main Street, 5th Floor
                                             White Plains, N.Y.  10601
                                             (914) 428-9100

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Plaintiff's Amended Complaint was served by United States Mail on Putney, Twombly, Hall & Hirson LLP, counsel for Defendant, 521 Fifth Avenue, New York, N.Y.  10175, on the 21st day of August 2007.


                                        s/ Jeffrey M. Bernbach
                                        Jeffrey M. Bernbach (JB 5131)

EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| MICHELLE LOSCALZO, | : | Via ECF |
| | : | |
| **Plaintiff,** | : | Case No.: 07 CIV 3046 (SCR) |
| | : | |
| - against - | : | **AMENDED ANSWER** |
| | : | |
| NEW ROC HARLEY DAVIDSON AND BUELL, | : | |
| INC. | : | |
| | : | |
| **Defendant.** | : | |

-------------------------------------------------------------x

Defendant, NewRoc Motorcycles, LLC, incorrectly sued herein as New Roc Harley Davidson and Buell, Inc. ("NewRoc"), by and through its attorneys Putney, Twombly, Hall & Hirson LLP, as and for its Amended Answer to Plaintiff's Amended Complaint ("Amended Complaint"), states as follows:

1.      Denies the allegations contained in Paragraph 1 of the Amended Complaint.

2.      Denies the allegations contained in Paragraph 2 of the Amended Complaint, except admits that Plaintiff purports to proceed as stated therein.

3.      Denies the allegations contained in Paragraph 3 of the Amended Complaint, except admits that Plaintiff purports to proceed as stated therein.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5.      Denies the allegations contained in Paragraph 5 of the Amended Complaint, except admits that NewRoc is a New York Corporation.

6.      Admits the allegations contained in Paragraph 6 of the Amended Complaint.

7.      Denies the allegations contained in Paragraph 7 of the Amended Complaint.

8.    Denies the allegations contained in Paragraph 8 and subparagraphs 8(a), 8(b), 8(c), 8(d), 8(e) , 8(f), 8(g), 8(h), 8(i) and 8(j) of the Amended Complaint.

9.    Denies the allegations contained in Paragraph 9 of the Amended Complaint.

10.    Denies the allegations contained in Paragraph 10 of the Amended Complaint.

11.    Denies the allegations contained in Paragraph 11 of the Amended Complaint.

12.    Denies the allegations contained in Paragraph 12 of the Amended Complaint.

13.    Denies the allegations contained in Paragraph 13 of the Amended Complaint.

14.    Denies the allegations contained in Paragraph 14 of the Amended Complaint.

15.    Denies the allegations contained in Paragraph 15 of the Amended Complaint.

16.    Denies the allegations contained in Paragraph 16 of the Amended Complaint.

17.    Denies the allegations contained in Paragraph 17 of the Amended Complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint.

19.    Denies the allegations contained in Paragraph 19 of the Amended Complaint, except admits that Plaintiff elected to continue her medical coverage.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint.

21.    Denies the allegations contained in Paragraph 21 of the Amended Complaint.

22.    Denies the allegations contained in Paragraph 22 of the Amended Complaint.

23.    Denies the allegations contained in Paragraph 23 of the Amended Complaint, except admit that Plaintiff failed to make time payment to continue her medical coverage.

2

24.     Denies the allegations contained in Paragraph 24 of the Amended Complaint.

25.     Denies the allegations contained in Paragraph 25 of the Amended Complaint.

26.     Denies the allegations contained in Paragraph 26 of the Amended Complaint.

27.     With respect to the allegations contained in Paragraph 27 of the Amended Complaint, repeats and realleges each and every response to Paragraphs 1 through 26 of the Amended Answer as if fully set forth herein.

28.     Denies the allegations contained in Paragraph 28 of the Amended Complaint.

29.     With respect to the allegations contained in Paragraph 29 of the Amended Complaint, repeats and realleges each and every response to Paragraphs 1 through 28 of the Amended Answer as if fully set forth herein.

30.     Denies the allegations contained in Paragraph 30 of the Amended Complaint.

31.     With respect to the allegations contained in Paragraph 31 of the Amended Complaint, repeats and realleges each and every response to Paragraphs 1 through 30 of the Amended Answer as if fully set forth herein.

32.     Denies the allegations contained in Paragraph 32 of the Amended Complaint.

33.     With respect to the allegations contained in Paragraph 33 of the Amended Complaint, repeats and realleges each and every response to Paragraphs 1 through 32 of the Amended Answer as if fully set forth herein.

34.     Denies the allegations contained in Paragraph 34 of the Amended Complaint.

## AS AND FOR A FIRST DEFENSE

35.     The Amended Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

36.    The Amended Complaint is barred, in whole or in part, to the extent that it was not filed within the period of time mandated by the applicable statutes of limitations.

### AS AND FOR A THIRD DEFENSE

37.    Any and all actions taken by NewRoc were based on legitimate, nondiscriminatory reasons unrelated to Plaintiff's sex and unrelated to any invocation by Plaintiff of rights arising under federal, state or local law.

### AS AND FOR A FOURTH DEFENSE

38.    Plaintiff's claims are barred, either in whole or in part, to the extent that Plaintiff has failed to file a timely claim thereon with relevant administrative agencies and exhaust all necessary administrative remedies or procedures regarding such claims.

### AS AND FOR A FIFTH DEFENSE

39.    Plaintiff's claims are barred, either in whole or in part, to the extent that Plaintiff has failed to meet administrative prerequisites or conditions precedent regarding the commencement of this action.

### AS AND FOR A SIXTH DEFENSE

40.    The Amended Complaint is barred, in whole or in part, to the extent it relies upon, or refers to claims not asserted in the Charge of Discrimination.

### AS AND FOR A SEVENTH DEFENSE

41.    Upon information and belief, Plaintiff failed to mitigate damages, if any exist, as required under the law.

4

### AS AND FOR AN EIGHTH DEFENSE

42.    Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of waiver and estoppel.

### AS AND FOR A NINTH DEFENSE

43.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### AS AND FOR A TENTH DEFENSE

44.    NewRoc maintains a well established "No Harassment" Policy.

45.    Plaintiff was aware of NewRoc's "No Harassment" Policy.

46.    Plaintiff did not utilize NewRoc's well established "No Harassment" Policy.

### AS AND FOR AN ELEVENTH DEFENSE

47.    Any damages or loss sustained by Plaintiff were caused solely by the culpable conduct on the part of Plaintiff.

48.    Plaintiff is therefore not entitled to recover.

### AS AND FOR A TWELFTH DEFENSE

49.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

**WHEREFORE**, NewRoc demands judgment as follows:

(i)    dismissing the Amended Complaint in its entirety;

(ii)    granting Defendant reasonable attorneys' fees, costs and disbursements incurred in this action; and

5

     (iii)   granting such other, further and different relief as this Court deems just

and proper.

Dated: New York, New York
          September 11, 2007

/s/
Mary Ellen Donnelly (MD 4936)
**PUTNEY, TWOMBLY, HALL & HIRSON LLP**
521 Fifth Avenue
New York, New York 10175
(212) 682-0020

*Attorneys for Defendant, NewRoc
Motorcycles, LLC*

6

### CERTIFICATE OF SERVICE

The undersigned, a member of the Bar of this Court, hereby certifies that she caused a true and accurate copy of the foregoing Answer of NewRoc Motorcycles, LLC to be served via electronic case filing and overnight mail on September 11, 2007 upon:

> Jeffrey M. Bernbach, Esq.
> *Attorney for Plaintiff*
> 245 Main Street, 5th Floor
> White Plains, New York, NY 10601

> /s/ MED
> Mary Ellen Donnelly (MD 4396)
> **PUTNEY, TWOMBLY HALL & HIRSON LLP**
> *Attorneys for Defendant NewRoc Motorcycles, LLC*
> 521 Fifth Avenue
> New York, New York 10175
> (212) 682-0020

7