# EXHIBIT 3

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 520-2007-01921 |

and EEOC

*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Ms. Michelle Loscalzo | (917) 848-9356 |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| 35 Shady Glen Court     New Rochelle, N.Y. 10805 | 10/5/1968 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| New Roc Harley Davidson And Buell, Inc. | 22 | (914)632-6743 |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 8 Industrial Lane, New Rochelle, N.Y. 10805 | Westchester |

| NAME | TELEPHONE *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE EARLIEST *(ADEA/EPA)*  LATEST *(ALL)* |
|---|---|
| ☐ RACE    ☐ COLOR    ☒ SEX    ☐ RELIGION    ☐ AGE  ☒ RETALIATION    ☐ NATIONAL ORIGIN    ☐ DISABILITY  ☒ OTHER *(Specify)*                      Sexual Harassment | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

1.    I am a caucasian, unmarried, female American citizen, 38 years of age.

2.    Respondent, upon information and belief a New York corporation, is engaged in the sale and servicing of motorcycles.

3.    I was employed by Respondent from November, 2005 to August 21, 2006 on a part-time basis as a receptionist, and as a full-time salesperson from August 21, 2006 until my discharge on February 8, 2007.

4.    During my employment, I performed my duties satisfactorily, with care and success.

*(continued next page)*

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *(When necessary for State and Local Requirements)* |
|---|---|
| | DISTRICT IA BERNBACH  Notary Public, State of New York  No. 4607-W  Qualified in Westchester County  Commission Expires March 19, 2007  I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT  *Michelle J. Loscalzo* |

CONFIDENTIAL
D0004

EEOC-NY DISTRICT OFFICE  MAR 6 2007  RECEIVED

5.  During my employment, I was repeatedly (essentially on a daily basis) subjected to unwanted lewd and lascivious comments of a sexual nature by John Meskunas, Respondent's President and principal owner, frequently in the presence of other employees, including but not limited to the following:

   a.  "You have great tits;"
   b.  You have the best ass in the place and "great ass";
   c.  When I wore Harley Davidson apparel being sold by the company, which I was required to wear, which was even remotely form fitting, Mr. Meskunas commented "thanks for wearing that today," "come sit on my lap," "that's sexy", "why don't you hug me";
   d.  On one occasion, Mr. Meskunas, who was sitting on a motorcycle displayed in the showroom, asked me to get on the back seat to see whether it was comfortable and, in order to get onto the seat I was required to hold on to his shoulder, and as I was settling into the seat, he made groaning sounds and said "keep going, I'm almost there."
   e.  On another occasion, Mr. Meskunas told me he was going on a business trip without his wife and asked that I accompany him.
   f.  He also made gender based sexist remarks such as telling me that because I was "the girl in the sales department," I should "water the plants", "clean up", "dust the motorcycles", "get him a soda", and the like."

   Although I repeatedly made it clear to Mr. Meskunas that I found his behavior offensive and unwelcome, he persisted therewith essentially on a daily basis.

7.  In addition, Respondent's Sales Manager Wayne Sforza, my immediate supervisor, subjected me to unwarranted criticism, refused to pay me overtime in accordance with Respondent's policy, and interfered with my right to receive sales commissions I had earned because I refused to conform to his stereotypical view of women. Specifically, as he told me on an occasion on which one of the other female employees was hugging Mr. Sforza and lavishing her attention on him, "see, if you behaved like this, we wouldn't have any problems."

8.  On several occasions, I complained to Respondent's General Manager Patti Massa about Mr. Sforza's behavior, but to no avail.

9.  When I was discharged, Mr. Meskunas told me that he couldn't say anything bad about me, but he had told me previously that he might have to fire me because his choice was to fire me because Mr. Sforza didn't like working with me, or to fire Mr. Sforza, and, of course, he chose to discharge me.

10. Upon information and belief, Respondent will now claim I was discharged for poor sales performance and poor results on internet selling tests. Any such claim is totally false; and with respect to internet test results, I was told to take said tests without benefit of being provided with the course material, despite my repeated requests to Mr. Meskunas' and Ms. Massa that I be supplied with same.

11. Based upon the foregoing, I charge the named Respondent, New Roc Harley Davidson & Buell, Inc. with discrimination in employment by denying me equal terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964 and The Civil Rights Act of 1991, as amended.

2

MAR 5 2007  EEO-ENFORCEMENT

CONFIDENTIAL
D0005

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14  Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

CONFIDENTIAL
D0006

## Guidelines for an Effective Position Statement

w the EEOC uses employer position statements

OC is an objective fact finding agency. We have heard what the Charging Party has to say about what happened and
w Charging Party believes it happened. Now we encourage you to provide a detailed response to these allegations. A
ll drafted and supported position statement can help us to accelerate the investigation and may limit requests for further
`ormation.

a brief statement drafted by a representative without supporting evidence sufficient?

); an effective position statement should be accompanied by supporting evidence which authenticates the truthfulness
d accuracy of the response and should be sworn to by a company official. You should provide any evidence which
pports your position. Our investigators are trained to review and analyze evidence, and they recognize that a lawyer's
company official's conclusions about the motives, intentions, or events do not constitute the evidence needed to resolve
ost cases. While we encourage you to provide us with any legal defenses you may have, we also need to have you present
un evidence of the facts relating to the merit of the charge.

`hat should a position statement include?

t a minimum, it should include specific, factual responses to every allegation of the charge. The position statements
iould clearly explain the respondent's version of the facts and identify the specific documents and witnesses supporting
e position. Keep the following points in mind as you prepare the response to the charge:

Address each alleged discriminatory act and your position regarding it. Indicate which of the Charging Party's
allegations are disputed.

- Provide a description of the company; include legal name and address, name, address, title and phone number of
the person responsible for responding to the charge, primary function of the business, and the number of
employees. A staffing or organizational chart is also useful in helping to focus the investigation.

- Provide copies or descriptions of any applicable practices policies or procedures.

- Identify any other individuals who have been similarly affected by these practices, policies, or procedures; describe
the circumstances in which the practices, policies, or procedures have been applied.

- Explain why individuals who were in a similar situation to the Charging Party were not similarly affected.

- Identify official(s) who made decisions or took action relating to the matter(s) raised in the charge.

- Be specific about date(s), action(s) and location(s) applicable to this case

- Provide copies of internal investigations of the alleged incidents or grievance hearing reports

- Inform EEOC if the matter has been resolved or can be easily resolved; if it can be resolved, please indicate your
proposal for resolution.

An effective position statement is clear, concise, complete, responsive and is sworn to by a company official.

How much time is normally allowed for preparation of a position statement?

Two weeks is normally allowed for responding to the charge. A brief extension of time may be allowed in particular cases
where extensive interviews need to be conducted or documents reviewed, but only when it is clear that the employer is
working in good faith to supply all of the necessary information

CONFIDENTIAL
D0007

## Document Retention Notice Pursuant to Charge Of Discrimination

YOU ARE HEREBY GIVEN NOTICE NOT TO DESTROY, CONCEAL OR ALTER ANY PAPER DOCUMENTS OR ELECTRONIC DATA INCLUDING DATA GENERATED BY OR STORE ON ANY COMPUTER OR COMPUTER STORAGE MEDIA (E.G., HARD DISKS, FLOPPY DISKS, BACKUP TAPES), THAT RELATE TO THE CLAIMS AND DEFENSES IN THE ACCOMPANYING CHARGE OF DISCRIMINATION. FAILURE TO COMPLY WITH THIS NOTICE, EITHER THROUGH INTENTIONAL ACTS OR NEGLIGENCE, CAN RESULT IN SANCTIONS FOR SPOLIATION OF EVIDENCE. SANCTIONS COULD INCLUDE MONETARY PENALTIES AND OTHER COURT-IMPOSED ACTION.

A. **Paper Documents to be Preserved:** Hard-copy information which should be preserved includes, but in not limited to:

1. Personnel files;
2. Employee data;
3. Payroll information;
4. Personnel policies, procedures, and regulations;
5. Letters, memoranda and notes;
6. All complaints of discrimination or unfair treatment;
7. All documents related to internal investigations; and
8. All other documents containing information relevant to the subject matter of the charge of discrimination.

B. **Electronic Data to be Preserved:** Electronic information which should be preserved includes, but is not limited to:

1. Electronic mail (e-mail) and information about e-mail (including message contents, header information and logs of e-mail system usage) sent or received which is relevant to the subject matter of the charge of discrimination;
2. Databases (including all records and fields and structural information in such databases), containing any reference to or information about the human resources or personnel information of your employees;
3. Word processing files, including prior drafts, "deleted" files and file fragments containing information about or relevant to the subject matter of the charge of discrimination;
4. Electronic data files and file fragments created or used by electronic spreadsheet programs, where such data files contain information relevant to the subject matter of the charge of discrimination; and
5. All other electronic data containing information relevant to the subject matter if the charge of discrimination.

CONFIDENTIAL
D0008

EXHIBIT 4

EEOC Form 161-B (3/98)

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  Michelle Loscalzo<br>35 Shady Glen Court<br>New Rochelle, NY 10805 | From:  **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2007-01921** | **Hazel C. Stewart,**<br>**Supervisory Investigator** | **(212) 336-3776** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Spencer H. Lewis, Jr.,**
**Director**

APR 0 3 2007

*(Date Mailed)*

cc:

**NEW ROC HARLEY DAVIDSON & BUELL INC.**
Director, Human Resources
8 Industrial Lane
New Rochelle, NY 10805

Jeffrey M. Bernbach, Esq.
Bernbach Law Firm PLLC
245 Main Street
5th Floor
White Plains, NY 10601

Enclosure with EEOC
Form 161-B (3/98)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed to* you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit *before 7/1/02 – not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

## U.S. Equal Employment Opportunity Commission

EOC FORM 131 (5/01)

| | PERSON FILING CHARGE |
|---|---|
| NEW ROC HARLEY DAVIDSON & BUELL INC<br>Director, Human Resources<br>8 Industrial Lane<br>New Rochelle, NY 10805 | **Michelle Loscalzo**<br><br>THIS PERSON *(check one or both)*<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>**520-2007-01921** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act          [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act    [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **16-APR-07**  a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by                  to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by
   to
   If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| **Hazel C. Stewart,**<br>**Supervisory Investigator**<br><br>*EEOC Representative*<br><br>*Telephone*  **(212) 336-3776** | **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [ ] DISABILITY   [X] RETALIATION   [ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **March 21, 2007** | **Spencer H. Lewis, Jr.,**<br>**Director** | |

EXHIBIT 5

  

914-632-NRHD • WWW.NRHD.COM

February 28, 2007

Michelle Loscalzo
35 Shady Glen Court # 2H
New Rochelle, NY 10801

Re: COBRA Continuance of Coverage Election Notice

Dear Michelle:

**This notice contains important information about your right to continue your health care coverage through NewRoc Motorcycles, LLC.** Please read the information contained in this notice very carefully.

To elect COBRA continuation coverage, follow the instructions on the next page to complete the enclosed Election Form and submit it to us.

If you do not elect COBRA continuation coverage, your coverage under the Plan will end on **February 28, 2007** due to:

| | |
|---|---|
| **X  End of employment** | ☐ Reduction in hours of employment |
| ☐ Death of employee | ☐ Divorce or legal separation |
| ☐ Entitlement to Medicare | ☐ Loss of dependent child status |

Each person ("qualified beneficiary") in the category(ies) checked below is entitled to elect COBRA continuation coverage, which will continue group health care coverage under the Plan for up to 18 months.

     **X Employee or former employee**
     ☐ Spouse or former spouse
     ☐ Dependent child(ren) covered under the Plan on the day before the event that caused the loss of coverage
     ☐ Child who is losing coverage under the Plan because he or she is no longer a dependent under the Plan

If elected, COBRA continuation coverage will begin on **03-01-2007 and can last until 08-31-2008**.

COBRA continuation coverage will cost **$229.83/month for medical** You do not have to send any payment with the Election Form. Important additional information about payment for COBRA continuation coverage is included in the pages following the Election Form.

If you have any questions about this notice or your rights to COBRA continuation coverage, you should contact **NewRoc Motorcycles, LLC., 8 Industrial Lane, New Rochelle, NY 10805.**

Sincerely,

*Patti Massa*

**Patti Massa**

## COBRA CONTINUATION COVERAGE ELECTION FORM

**INSTRUCTIONS:** To elect COBRA continuation coverage, complete this Election Form and the Aetna- Hea thy New York change form and return them to us. Under federal law, you must have 60 days after the date of this notice to decide whether you want to elect COBRA continuation coverage under the Plan.

Send completed Election Form to: **NewRoc Motorcycles, LLC. 8 Industrial Lane, New Rochelle, NY 10805**

This Election Form must be completed and returned by mail. It must be post-marked no later than 05/01/07.

If you do not submit a completed Election Form by the due date shown above, you will lose your right to elect COBRA continuation coverage. If you reject COBRA continuation coverage before the due date, you may change your mind as long as you furnish a completed Election Form before the due date. However, if you change your mind after first rejecting COBRA continuation coverage, your COBRA continuation coverage will begin on the date you furnish the completed Election Form.

Read the important information about your rights included in the pages after the Election Form.

I (We) elect COBRA continuation coverage in the Plan(s) as indicated below:

| Name | Date of Birth | Relationship to Employee | SSN (or other identifier) |

a. _____

    Coverage option elected: _____ ]

b. _____

    Coverage option elected: _____ ]


_____       _____
Signature                              Date


_____       _____
Print Name                             Relationship to individual(s) listed above

_____

_____       _____
Print Address                          Telephone number

## IMPORTANT INFORMATION
## ABOUT YOUR COBRA CONTINUATION COVERAGE RIGHTS

### What is continuation coverage?

Federal law requires that most group health plans (including this Plan) give employees and their families the opportunity to continue their health care coverage when there is a "qualifying event" that would result in a loss of coverage under an employer's plan. Depending on the type of qualifying event, "qualified beneficiaries" can include the employee (or retired employee) covered under the group health plan, the covered employee's spouse, and the dependent children of the covered employee.

Continuation coverage is the same coverage that the Plan gives to other participants or beneficiaries under the Plan who are not receiving continuation coverage. Each qualified beneficiary who elects continuation coverage will have the same rights under the Plan as other participants or beneficiaries covered under the Plan, including special enrollment rights.

### How long will continuation coverage last?

In the case of a loss of coverage due to end of employment or reduction in hours of employment, coverage generally may be continued only for up to a total of 18 months. In the case of losses of coverage due to an employee's death, divorce or legal separation, the employee's becoming entitled to Medicare benefits or a dependent child ceasing to be a dependent under the terms of the plan, coverage may be continued for up to a total of 36 months. When the qualifying event is the end of employment or reduction of the employee's hours of employment, and the employee became entitled to Medicare benefits less than 18 months before the qualifying event, COBRA continuation coverage for qualified beneficiaries other than the employee lasts until 36 months after the date of Medicare entitlement. This notice shows the maximum period of continuation coverage available to the qualified beneficiaries.

Continuation coverage will be terminated before the end of the maximum period if:

- any required premium is not paid in full on time,
- a qualified beneficiary becomes covered, after electing continuation coverage, under another group health plan that does not impose any pre-existing condition exclusion for a pre-existing condition of the qualified beneficiary,
- a qualified beneficiary becomes entitled to Medicare benefits (under Part A, Part B, or both) after electing continuation coverage, or
- the employer ceases to provide any group health plan for its employees.

Continuation coverage may also be terminated for any reason the Plan would terminate coverage of a participant or beneficiary not receiving continuation coverage (such as fraud).

**How can you extend the length of COBRA continuation coverage?**

If you elect continuation coverage, an extension of the maximum period of coverage may be available if a qualified beneficiary is disabled or a second qualifying event occurs. You must not fy **NewRoc Motorcycles, LLC.** of a disability or a second qualifying event in order to extend the period of continuation coverage. Failure to provide notice of a disability or second qualifying event may affect the right to extend the period of continuation coverage.

*Disability*

An 11-month extension of coverage may be available if any of the qualified beneficiaries is determined by the Social Security Administration (SSA) to be disabled. The disability has to have started at some time before the 60th day of COBRA continuation coverage and must last at least until the end of the 18-month period of continuation coverage. Each qualified beneficiary who has elected continuation coverage will be entitled to the 11-month disability extension if one of them qualifies. If the qualified beneficiary is determined by SSA to no longer be disabled, you must notify the Plan of that fact within 30 days after SSA's determination.

*Second Qualifying Event*

An 18-month extension of coverage will be available to spouses and dependent children who elect continuation coverage if a second qualifying event occurs during the first 18 months of continuation coverage. The maximum amount of continuation coverage available when a second qualifying event occurs is 36 months. Such second qualifying events may include the death of a covered employee, divorce or separation from the covered employee, the covered employee's becoming entitled to Medicare benefits (under Part A, Part B, or both), or a dependent child's ceasing to be eligible for coverage as a dependent under the Plan. These events can be a second qualifying event only if they would have caused the qualified beneficiary to lose coverage under the Plan if the first qualifying event had not occurred. You must notify the Plan within 60 days after a second qualifying event occurs if you want to extend your continuation coverage.

**How can you elect COBRA continuation coverage?**

To elect continuation coverage, you must complete the Election Form and the insurance carrier form and furnish it according to the directions on the form. Each qualified beneficiary has a separate right to elect continuation coverage. For example, the employee's spouse may elect continuation coverage even if the employee does not. Continuation coverage may be elected for only one, several, or for all dependent children who are qualified beneficiaries. A parent may elect to continue coverage on behalf of any dependent children. The employee or the employee's spouse can elect continuation coverage on behalf of all of the qualified beneficiaries.

4

In considering whether to elect continuation coverage, you should take into account that a failure to continue your group health coverage will affect your future rights under federal law. First, you can lose the right to avoid having pre-existing condition exclusions applied to you by other group health plans if you have more than a 63-day gap in health coverage, and election of continuation coverage may help you not have such a gap. Second, you will lose the guaranteed right to purchase individual health insurance policies that do not impose such pre-existing condition exclusions if you do not get continuation coverage for the maximum time available to you. Finally, you should take into account that you have special enrollment rights under federal law. You have the right to request special enrollment in another group health plan for which you are otherwise eligible (such as a plan sponsored by your spouse's employer) within 30 days after your group health coverage ends because of the qualifying event listed above. You will also have the same special enrollment right at the end of continuation coverage if you get continuation coverage for the maximum time available to you.

## How much does COBRA continuation coverage cost?

Generally, each qualified beneficiary may be required to pay the entire cost of continuation coverage. The amount a qualified beneficiary may be required to pay may not exceed 102 percent (or, in the case of an extension of continuation coverage due to a disability, 150 percent) of the cost to the group health plan (including both employer and employee contributions) for coverage of a similarly situated plan participant or beneficiary who is not receiving continuation coverage. The required payment for each continuation coverage period for each option is described in this notice.

The Trade Act of 2002 created a new tax credit for certain individuals who become eligible for trade adjustment assistance and for certain retired employees who are receiving pension payments from the Pension Benefit Guaranty Corporation (PBGC) (eligible individuals). Under the new tax provisions, eligible individuals can either take a tax credit or get advance payment of 65% of premiums paid for qualified health insurance, including continuation coverage. If you have questions about these new tax provisions, you may call the Health Coverage Tax Credit Customer Contact Center toll-free at 1-866-628-4282. TTD/TTY callers may call toll-free at 1-866-626-4282. More information about the Trade Act is also available at www.doleta.gov/tradeact/2002act_index.asp.

## When and how must payment for COBRA continuation coverage be made?

### *First payment for continuation coverage*

If you elect continuation coverage, you do not have to send any payment with the Election Form but you must pay the total amount due to cover the number of months from **3/1/07** (the date of the qualifying event) through and including the month in which you are remitting payment. However, you must make your first payment for continuation coverage not later than 45 days after the date of your election. (This is the date the Election Notice is post-marked, if mailed.) If you do not make your first payment for continuation coverage in full not later than 45 days after the date of your election, you will lose all continuation coverage rights under the Plan. You are responsible for making sure that the amount of your first payment is correct. You may contact **NewRoc Motorcycles, LLC** to confirm the correct amount of your first payment.

*Periodic payments for continuation coverage*

After you make your first payment for continuation coverage, you will be required to make periodic payments for each subsequent coverage period. The amount due for each coverage period for each qualified beneficiary is shown in this notice. The periodic payments can be made on a monthly basis. Under the Plan, each of these periodic payments for continuation coverage is due on the first day of the month for that coverage period. If you make a periodic payment on or before the first day of the coverage period to which it applies, your coverage under the Plan will continue for that coverage period without any break. **The Plan will not send periodic notices of payments due for these coverage periods.**

*Grace periods for periodic payments*

Although periodic payments are due on the dates shown above, you will be given a grace period of 30 days after the first day of the coverage period to make each periodic payment. Your continuation coverage will be provided for each coverage period as long as payment for that coverage period is made before the end of the grace period for that payment. However, if you pay a periodic payment later than the first day of the coverage period to which it applies, but before the end of the grace period for the coverage period, your coverage under the Plan will be suspended as of the first day of the coverage period and then retroactively reinstated (going back to the first day of the coverage period) when the periodic payment is received. This means that any claim you submit for benefits while your coverage is suspended may be denied and may have to be resubmitted once your coverage is reinstated.]

If you fail to make a periodic payment before the end of the grace period for that coverage period, you will lose all rights to continuation coverage under the Plan.

Your first payment and all periodic payments for continuation coverage should be made payable to: **NewRoc Motorcycles, LLC:**

**NewRoc Motorcycles, LLC., 8 Industrial Lane, New Rochelle, NY 10805 Attn: Patti Massa**

**For more information**

This notice does not fully describe continuation coverage or other rights under the Plan. More information about continuation coverage and your rights under the Plan is available in your summary plan description or from the Plan Administrator.

If you have any questions concerning the information in this notice, your rights to coverage, or if you want a copy of your summary plan description, you should contact Patti Massa at (914)632-6743.

For more information about your rights under ERISA, including COBRA, the Health Insurance Portability and Accountability Act (HIPAA), and other laws affecting group health plans, contact the U.S. Department of Labor's Employee Benefits Security Administration (EBSA) in your area or visit the EBSA website at www.dol.gov/ebsa. (Addresses and phone numbers of Regional and District EBSA Offices are available through EBSA's website).

**Keep Your Plan Informed of Address Changes**

In order to protect your and your family's rights, you should keep the Plan Administrator informed of any changes in your address and the addresses of family members. You should also keep a copy, for your records, of any notices you send to the Plan Administrator.

EXHIBIT 6



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

MICHELLE LOSCALZO,

                              Plaintiff,

         -against-

NEW ROC HARLEY DAVIDSON AND
BUELL, INC.,

                              Defendant.
------------------------------------------------------x

Civil Action No.

**COMPLAINT**

**PLAINTIFF DEMANDS**
**A TRIAL BY JURY**

## I.  INTRODUCTORY STATEMENT

1.  Plaintiff Michelle Loscalzo, an unmarried female American citizen, thirty nine

years of age,  seeks redress for discrimination on account of her sex, and for sexual

harassment, suffered by her in violation of the Constitution and laws of the United States in her

capacity as an employee of Defendant New Roc Harley Davidson And Buell, Inc.

## II.  JURISDICTION AND VENUE

2.  This action is brought and jurisdiction lies pursuant to 42 U.S.C. §§2000e(5) et

seq., 2000e(16),  and 28 U.S.C. §§1331 and 1343, this being a suit based upon the

provisions of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 ("Title

VII"), 42 U.S.C. §§2000e-2 et seq.  In addition, pursuant to 28 U.S.C. §1367(a), Plaintiff

invokes the Court's supplemental jurisdiction as to pendent New York State claims arising

under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law, Article 15,

§290 et seq.

3.  Venue is proper in this district because Plaintiff's claim for relief arose here and Defendant maintains its office, and is doing business, here.

### III. PARTIES

4.  Plaintiff Michelle Loscalzo ("Plaintiff") is a Caucasian unmarried female American citizen, thirty nine years of age, residing at 35 Shady Glen Court, New Rochelle, New York 10805.

5.  Upon information and belief, Defendant New Roc Harley Davidson And Buell, Inc., a motor cycle sales and service dealership, is a New York corporation or a foreign corporation having substantial contacts with the State of New York, with offices at 8 Industrial Lane, New Rochelle, N.Y. 10805.

### IV. FACTS

6.  Plaintiff was employed by Defendant from November, 2005 to August 21, 2006 on a part time basis as a receptionist, and was employed as a full-time salesperson from August 21, 2006 until her discharge on February 8, 2007.

7.  During her employment, Plaintiff performed her duties satisfactorily, with care and success.

8.  During her employment, Plaintiff was repeatedly (essentially on a daily basis) subjected to numerous lewd and lascivious comments of a sexual nature by John Meskunas, Defendant's President and principal owner, frequently in the presence of other employees, which comments included, but were not limited to, the following:

a.  "You have great tits";

b.  You have the best ass in the place";

2

    c.    "You have a great ass;

    d.    On an occasion after Plaintiff had had her hair done, Mr. Meskunas asked her "does your carpet match your drapes";

    e.    When Plaintiff wore Harley Davidson apparel being sold by Defendant at work, which she was required to do, which apparel was even remotely form fitting, Mr. Meskunas commented "thanks for wearing that today," "come sit on my lap," "that's sexy", "why don't you hug me";

    f.    On one occasion, Mr. Meskunas, who was sitting on a motorcycle displayed in the showroom, asked Plaintiff to get on the back seat to see whether it was comfortable and, in order to get onto the seat she was required to hold on to his shoulder, and as she was settling into the seat, Mr. Meskunas made groaning sounds and said "keep going, I'm almost there.";

    g.    On another occasion, Mr. Meskunas told Plaintiff he was going on a business trip without his wife and asked that she accompany him.;

    h.    Mr. Meskunas also made gender based sexist remarks such as telling Plaintiff that because she was "the girl in the sales department," she should "water the plants", "clean-up", "dust the motorcycles", "get him a soda", and the like;

    i.    On another occasion Mr. Meskunas compared the size of Plaintiff's breasts to those of another female employee, saying Plaintiff had large breasts and the other employee did not.

    j.    On an occasion, when a customer left the showroom without buying a motorcycle, Mr. Meskunas said to Plaintiff "with tits like that you should be able to sell ice to an eskimo";

9.    Although Plaintiff repeatedly made it clear to Mr. Meskunas that she found his behavior offensive and unwelcome, he persisted therewith essentially on a daily basis.

10.    In addition, Defendant's Sales Manager Wayne Sforza, Plaintiff's immediate supervisor, subjected her to unwarranted criticism, refused to pay her overtime in accordance with Defendant's policy, and interfered with her right to receive sales commissions she had earned because she refused to conform to his stereotypical view of women. Specifically, as he

told Plaintiff on an occasion when one of the other female employees was hugging Mr. Sforza and lavishing her attention on him, "see, if you behaved like this, we wouldn't have any problems."

11.    On several occasions, Plaintiff complained to Defendant's General Manager Patti Massa about Mr. Sforza's behavior, but to no avail.

12.    When Plaintiff was discharged, Mr. Meskunas told her that he couldn't say anything bad about her, but he had told her previously that he might have to fire her because his choice was to fire her as Mr. Sforza didn't like working with her, or to fire Mr. Sforza; and, of course, he chose to discharge Plaintiff.

13.    Upon information and belief, Defendant will now claim that Plaintiff was discharged for poor sales performance and poor results on internet selling tests.  Any such claim is totally false; and with respect to internet test results, Plaintiff was told to take said tests without benefit of being provided with the course material, despite her repeated requests to Mr. Meskunas' and Ms. Massa that she be supplied with same.

14.    Defendant's anticipated proffered reason for discharging Plaintiff (unsatisfactory performance) is false and a pretext to discriminate against Plaintiff based upon her sex, and to avoid the consequences of Defendant's sexual harassment of Plaintiff.

15.    Plaintiff has been denied equal terms, conditions and privileges of employment by reason of her female gender, and by reason of being subjected to sexual harassment.

16.    On or about April 3, 2007, the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue, and Plaintiff thereafter commenced the within action.

4

17.    The acts of Defendant of sexually harassing and then discharging Plaintiff in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 and the NYSHRL have caused Plaintiff to be permanently and irreparably harmed, and damaged and cost her wages, bonuses, savings benefits, insurance coverage, and additional pension benefits, among other losses, as a result of the illegal discrimination.

## V.  FIRST CLAIM FOR RELIEF

18.    Plaintiff herewith realleges and incorporates by reference paragraphs "1" through "17" of this Complaint.

19.    As a result of the willful actions of Defendant, Plaintiff has been deprived of employment opportunities and her civil rights in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991.

## VI.  SECOND CLAIM FOR RELIEF

20.    Plaintiff herewith realleges and incorporates by reference paragraphs "1" through "20" of this Complaint.

21.    As a result of the willful actions of Defendant, Plaintiff has been deprived of employment opportunities and her civil rights in violation of the New York State Human Rights Law.

## VII..  PRAYER FOR RELIEF

WHEREFORE: Plaintiff prays:

A.  Pursuant to the FIRST CLAIM FOR RELIEF against Defendant:

1.    That the Court find and declare that Plaintiff has suffered from acts of sexual harassment and sex discrimination at the hands of Defendant, its agents, servants and employees;

5

2.   That Plaintiff be awarded the back pay she would have earned, together with related monetary benefits and other compensatory damages resulting from Defendant's intentional, willful and malicious conduct, including, but not limited to, damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, had she not been discharged or sexually harassed.

3.   That Plaintiff be awarded punitive damages for Defendant's intentional and willful conduct engaged in with malice and/or reckless indifference to Plaintiff's federally protected rights;

4.   That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein, including reinstatement and/or front pay;

5.   That Defendant pay Plaintiff's costs of this suit, together with her attorneys' fees and prejudgment interest.

B.   Pursuant to the SECOND CLAIM FOR RELIEF against Defendant:

6.   That the Court find and declare that Plaintiff has suffered from acts of discrimination at the hands of Defendant, its agents, servants and employees;

7.   That Plaintiff be awarded compensatory damages and the back pay she would have earned, together with related monetary benefits, had she not been discharged;

8.   That the Court order such further relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein, including front pay;

9.   That Defendant pay Plaintiff's costs of this suit, together with reasonable attorney's fees and prejudgment interest; and

6

10.    That Defendant pay Plaintiff Five Hundred Thousand Dollars ($500,000) as and for

general damages for pain and suffering and emotional distress, incurred as a result of

Defendant's conduct.

## X. DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury.

Dated:  White Plains, New York          BERNBACH LAW FIRM PLLC
        April 16,  2007

                                         By: _____
                                         JEFFREY M. BERNBACH (JMB 5131)
                                         Attorney for Plaintiff
                                         245 Main Street, 5th Floor
                                         White Plains, N.Y.  10601
                                         (914) 428-9100

7

EXHIBIT 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MICHELLE LOSCALZO,                          :
                                            :        Case No.: 07 CIV 3046 (SCR)
                   Plaintiff,               :
                                            :        **ANSWER**
        - against -                         :
                                            :
NEW ROC HARLEY DAVIDSON AND BUELL,          :
INC.                                        :
                                            :
                   Defendant.               :
-------------------------------------------------------------x

Defendant, NewRoc Motorcycles, LLC, incorrectly sued herein as New Roc Harley

Davidson and Buell, Inc. ("NewRoc"), by and through its attorneys Putney, Twombly, Hall &

Hirson LLP, as and for its Answer to Plaintiff's Complaint ("Complaint"), states as follows:

    1.      Denies the allegations contained in Paragraph 1 of the Complaint.

    2.      Denies the allegations contained in Paragraph 2 of the Complaint, except admits

that Plaintiff purports to proceed as stated therein.

    3.      Denies the allegations contained in Paragraph 3 of the Complaint, except admits

that Plaintiff purports to proceed as stated therein.

    4.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 4 of the Complaint.

    5.      Denies the allegations contained in Paragraph 5 of the Complaint, except admits

that NewRoc is a New York Corporation.

    6.      Admits the allegations contained in Paragraph 6 of the Complaint.

    7.      Denies the allegations contained in Paragraph 7 of the Complaint.

    8.      Denies the allegations contained in Paragraph 8 and subparagraphs 8(a), 8(b),

8(c), 8(d), 8(e) , 8(f), 8(g) 8(h), 8(i) and 8(j) of the Complaint.

9.      Denies the allegations contained in Paragraph 9 of the Complaint.

10.     Denies the allegations contained in Paragraph 10 of the Complaint.

11.     Denies the allegations contained in Paragraph 11 of the Complaint.

12.     Denies the allegations contained in Paragraph 12 of the Complaint.

13.     Denies the allegations contained in Paragraph 13 of the Complaint, except admits
that Plaintiff's employment was terminated due to her poor job performance.

14.     Denies the allegations contained in Paragraph 14 of the Complaint.

15.     Denies the allegations contained in Paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the
allegations contained in Paragraph 16 of the Complaint.

17.     Denies the allegations contained in Paragraph 17 of the Complaint.

18.     With respect to the allegations contained in Paragraph 18 of the Complaint,
repeats and realleges each and every response to Paragraphs 1 through 17 of the Answer as if
fully set forth herein.

19.     Denies the allegations contained in Paragraph 19 of the Complaint.

20.     With respect to the allegations contained in Paragraph 20 of the Complaint,
repeats and realleges each and every response to Paragraphs 1 through 19 of the Answer as if
fully set forth herein.

21.     Denies the allegations contained in Paragraph 21 of the Complaint.

## AS AND FOR A FIRST DEFENSE

22.     The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

23.     The Complaint is barred, in whole or in part, to the extent that it was not filed

within the period of time mandated by the applicable statutes of limitations.

## AS AND FOR A THIRD DEFENSE

24.     Any and all actions taken by NewRoc were based on legitimate,

nondiscriminatory reasons unrelated to Plaintiff's sex and unrelated to any invocation by Plaintiff

of rights arising under federal, state or local law.

## AS AND FOR A FOURTH DEFENSE

25.     Plaintiff's claims are barred, either in whole or in part, to the extent that Plaintiff

has failed to file a timely claim thereon with relevant administrative agencies and exhaust all

necessary administrative remedies or procedures regarding such claims.

## AS AND FOR A FIFTH DEFENSE

26.     Plaintiff's claims are barred, either in whole or in part, to the extent that Plaintiff

has failed to meet administrative prerequisites or conditions precedent regarding the

commencement of this action.

## AS AND FOR A SIXTH DEFENSE

27.     The Complaint is barred, in whole or in part, to the extent it relies upon, or refers

to claims not asserted in the Charge of Discrimination.

3

### AS AND FOR A SEVENTH DEFENSE

28.    Upon information and belief, Plaintiff failed to mitigate damages, if any exist, as required under the law.

### AS AND FOR AN EIGHTH DEFENSE

29.    Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of waiver and estoppel.

### AS AND FOR A NINTH DEFENSE

30.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### AS AND FOR A TENTH DEFENSE

31.    NewRoc maintains a well established "No Harassment" Policy.

32.    Plaintiff was aware of NewRoc's "No Harassment" Policy.

33.    Plaintiff did not utilize NewRoc's well established "No Harassment" Policy.

### AS AND FOR AN ELEVENTH DEFENSE

34.    Any damages or loss sustained by Plaintiff were caused solely by the culpable conduct on the part of Plaintiff.

35.    Plaintiff is therefore not entitled to recover.

### AS AND FOR A TWELFTH DEFENSE

36.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

**WHEREFORE,** NewRoc demands judgment as follows:

(i)    dismissing the Complaint in its entirety;

4

(ii)    granting Defendant reasonable attorneys' fees, costs and disbursements

incurred in this action; and

(iii)   granting such other, further and different relief as this Court deems just

and proper.

Dated: New York, New York
       May 24, 2007

/s/  MED
Mary Ellen Donnelly (MD 4936)
PUTNEY, TWOMBLY, HALL & HIRSON LLP
521 Fifth Avenue
New York, New York 10175
(212) 682-0020

*Attorneys for Defendant, NewRoc
Motorcycles, LLC*

## CERTIFICATE OF SERVICE

The undersigned, a member of the Bar of this Court, hereby certifies that she caused a true and accurate copy of the foregoing Answer of NewRoc Motorcycles, LLC to be served via electronic case filing and overnight mail on May 24, 2007, 2006 upon:

> Jeffrey M. Bernbach
> *Attorney for Plaintiff*
> 245 Main Street, 5th Floor
> White Plains, New York, NY 10601

> /s/ MED
> Mary Ellen Donnelly (MD 4396)
> **PUTNEY, TWOMBLY HALL &**
> **HIRSON, LLP**
> *Attorneys for Defendant NewRoc*
> *Motorcycles, LLC*
> 521 Fifth Avenue
> New York, New York 10175
> (212) 682-0020

6

EXHIBIT 8

**Patricia Massa**

| | |
|---|---|
| **From:** | mcmikki@aol.com |
| **Sent:** | Wednesday, June 20, 2007 10:01 AM |
| **To:** | pm@nrhd.com |
| **Subject:** | Cobra |

Hi Patti,

I know Jim spoke to you last week about my Cobra.  I just wanted to make sure everything was cleared up.  If there are any more concerns please let me know so they can be taken care of immediatly.
I will make sure to have the payments to you by the first of every month.

Thank you, Mikki

AOL now offers free email to everyone. Find out more about what's free from AOL at **AOL.com**.

8/13/2007