UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHELLE LOSCALZO,

         Plaintiff,

- against -

NEWROC MOTORCYCLES, LLC
         Defendant.

------------------------------------------------------------x

Case No.: 07 CIV 3046
(CLB)

REPLY AFFIRMATION OF MARY ELLEN DONNELLY IN SUPPORT OF NEWROC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

      **MARY ELLEN DONNELLY,** a member of the bar of the State of New York, affirms under penalties of perjury that:

      1.      I am a member of Putney, Twombly, Hall & Hirson, LLP and represent the defendant NewRoc Motorcycles, LLC ("NewRoc") in this matter. I am fully familiar with the facts and circumstances hereinafter alleged and submit this affidavit in further support of NewRoc's motion for partial summary judgment dismissing Plaintiff's Second and Fourth Claims for Relief.

      2.      Plaintiff's papers are replete with improper innuendo and misstatements of law and fact in an attempt to cloud the issues currently before this Court. Plaintiff infers that by failing to move for summary judgment dismissing Plaintiff's Amended Complaint in the entirety, NewRoc is somehow acknowledging the conduct alleged in the complaint. It is readily apparent that not only does NewRoc dispute each and every claim of sexual harassment in Plaintiff's Amended Complaint, but that the credible documentary and testimonial evidence in this matter disprove the claims of sexual harassment alleged in the Amended Complaint.

3.  The evidence in this case conclusively demonstrates that NewRoc did not discriminate or retaliate against Plaintiff, but instead gave her every opportunity to successfully perform her duties as a salesperson. The termination of Plaintiff's employment for her well-documented performance deficiencies was in no way related to her alleged complaints of sexual harassment against Mr. Meskunas.

4.  Plaintiff also alleges in her Amended Complaint that she advised Ms. Massa that she had consulted an attorney regarding her complaints prior to the termination of her employment. Plaintiff identified Leonard Flamm, Esq. as the attorney with whom she consulted. In fact, as confirmed by Mr. Flamm, Plaintiff did not consult with Mr. Flamm until the week of February 19, 2007, more than a week **after** the termination of her employment from NewRoc. (*See* Exhibit 1). Clearly, Plaintiff could not have advised Ms. Massa about any meeting with an attorney prior to the occurrence of such a meeting.

5.  Plaintiff's documentary evidence in this matter further demonstrates that Plaintiff did not perceive Mr. Meskunas's conduct to be offensive. Plaintiff maintained detailed records regarding her employment with NewRoc. Those records are completely devoid of any allegation Mr. Meskunas ever sexually harass Plaintiff. Plaintiff maintained a detailed calendar on which she recorded every dispute between Mr. Sforza and herself, but noticeably absent is any relevant reference to Ms. Meskunas. In fact, such records demonstrate that Plaintiff would contact Mr. Meskunas to resolve any issue she was having in the workplace.

6.  Plaintiff's own actions also do not support her claims of harassment and retaliation. Plaintiff claims to have experienced harassment from the first day she met Mr. Meskunas, even before she commenced employment at NewRoc. Despite such alleged harassment, Plaintiff accepted Mr. Meskunas's offer of part-time employment. Plaintiff then

claims that she was harassed on "essentially a daily basis." Despite such claim, Plaintiff quite her fulltime, tenure position as a teacher in a New York City school to accept a fulltime commissioned salesperson position with NewRoc at salary lower than that which she was receiving as a teacher. All of Plaintiff's actions contradict her allegations of harassment and retaliation.

7.      Plaintiff tries to bolster her claim of retaliation by asserting that Sal Petrazzi, a former supervisory employee of NewRoc, had knowledge of her complaints to Ms. Massa about Mr. Meskunas's allegedly harassing conduct. Mr. Petrazzi, however, testified that at no time during his employment with NewRoc did he witness any allegedly harassing conduct on the part of Mr. Meskunas toward Plaintiff, nor was he aware of any complaints about such conduct by Plaintiff. (See Exhibit 3, Petrazzi Tr. 7)

8.      Plaintiff acknowledged during her deposition testimony that she received counseling for her performance deficiencies. (Exhibit 3, Plaintiff Tr. 256, 259, 260). Plaintiff acknowledged during her deposition that she engaged in the conduct for which she received counseling. Plaintiff acknowledges that she received seven warnings in a five month period. Over that same five month period Plaintiff was responsible for the sale of 19 motorcycles, or four motorcycles a month. The total number of motorcycles sold in that time period was 150. Plaintiff was responsible for only 12 percent of NewRoc's overall motorcycle sales for that time period. Clearly, Plaintiff was not meeting the legitimate expectations of her position as a Sales Associate.

9.      It is indisputable that Plaintiff was simply unable to perform the responsibilities of the position. Plaintiff repeatedly arrived late for work, despite being counseled on her tardiness by Mr. Sforza and Mr. Meskunas on numerous occasions. Plaintiff refused to complete the

training courses available to her through Harley Davidson's online website. (Exhibit 3, Plaintiff Tr. 247-249; Sforza Tr. 36-37; Meskunas Tr. 36). Plaintiff received numerous counseling and warnings about her job performance. Within a five month period, Plaintiff received seven warnings about her job performance. It is readily apparent that long before Plaintiff claims to have complained about sexual harassment in the workplace, Plaintiff experienced numerous and significant problems with her job performance. NewRoc gave Plaintiff numerous opportunities to improve upon her performance. Plaintiff did not take advantage of those opportunities. It is Plaintiff's lack of regard for her position and respect for her supervisor that resulted in the termination of her employment.

10.     Plaintiff also asserts a claim that her COBRA coverage had been terminated in retaliation for the filing of an action against NewRoc. Plaintiff's retaliation claims with respect to her COBRA coverage are equally without merit. Plaintiff failed to make timely payments as required under COBRA. At the time Plaintiff elected COBRA, she submitted payment to NewRoc sufficient to continue her health insurance benefits under COBRA through April 30, 2007. (Exhibit 3, Massa Tr. 71) Since Plaintiff had only submitted payment for COBRA benefits through April 31, 2007, in order to continue her health insurance benefits past April 31, 2007, Plaintiff was required to submit a COBRA check by May 1, 2007. NewRoc did not receive any check from Plaintiff for continuation of her health insurance under COBRA by May 1, 2007. (Exhibit 3, Massa Tr. 77-78). Since COBRA permits a thirty (30) day grace period for payment to be made for continuation of benefits, Plaintiff had until June 1, 2007, to submit her payment to NewRoc. By June 1, 2007, NewRoc had still had not received Plaintiff's payment for her COBRA benefits. Plaintiff's health insurance coverage was discontinued as of May 1, 2007, as a result of Plaintiff's nonpayment.

11.     Plaintiff also cannot state a claim that NewRoc refused her COBRA coverage in retaliation for Plaintiff's filing of the instant action. On July 16, 2007, NewRoc discovered that the insurance company had erroneously advised Plaintiff that her health insurance coverage had ended as of February 28, 2007. After reviewing the insurance bills, NewRoc immediately contacted the health insurance company to correct this error. On September 9, 2007, NewRoc received notification from the health insurance company that the error had been corrected.

12.     Plaintiff also asserts in her opposition papers that she has developed significant psychological harm as a result of the alleged sexual harassment. Plaintiff, however, fails to acknowledge that at the time period referenced by Plaintiff, Plaintiff was undergoing counseling as a result of the termination of her engagement with her fiancé. Although Plaintiff claims that she saw a therapist to discuss the lawsuit and the effects that it had on her in February 2007, Plaintiff's therapist's records do not support Plaintiff's claim. Plaintiff did not mention sexual harassment or harassment of any sort during her any of her counseling sessions.

13.     Even Plaintiff's own witness, Adriana Davidson, testified that Plaintiff experienced problems in her performance as Sales Associate. Specifically, Ms. Davidson that both Mr. Meskunas, as well as customers, criticized Plaintiff's performance as a Sales Associate. (Exhibit 3, Davidson Tr. 23). Ms. Davidson further testified that some customers really liked Plaintiff and others "felt that she was a little pushy with selling bikes." (Id. 24). Finally, Ms. Davidson also stated that when she supervised Plaintiff, Plaintiff would report to work late "quite a bit." Ms. Davidson went on to state that Plaintiff was late more than fifty percent of the time, or at least five days out of the week (Id. at 26-27). Ms. Davidson also observed Plaintiff come in late on numerous occasions when Plaintiff was employed as a Sales Associate. (Id. at 28). Plaintiff herself specifically admitted to being late "occasionally," basically "once a week."

(Exhibit 3, Plaintiff at 260). Plaintiff also admitted that to make it to work on time she could have left her house earlier but chose not to, another fact evidencing her lack of effort and dedication to her job.

14. It is readily apparent from a review of the facts of this matter that Plaintiff's employment was not terminated in retaliation for any allegedly protected activity. It is equally apparent that Plaintiff was not refused COBRA coverage, nor was such coverage cancelled in retaliation for Plaintiff's commencement of this action against NewRoc. Accordingly, NewRoc's motion for partial summary judgment dismissing Plaintiff's Second and Fourth Claims for Relief should be granted in its entirety.

Dated: January 23, 2008
       New York, New York

                                                    _____
                                                    MARY ELLEN DONNELLY