UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
MICHELLE LOSCALZO,

              Plaintiff,

    -against-                         07 Civ. 3046 (CLB)

                                         FILED VIA ECF

NEW ROC MOTORCYCLES, LLC,

              Defendant.
-------------------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO STRIKE, OR, IN THE ALTERNATIVE, FOR LEAVE TO AMEND HER OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**


                                                  BERNBACH LAW FIRM PLLC
                                                  245 Main Street, 5th Floor
                                                  White Plains, New York 10601
                                                  (914) 428-9100
                                                  Attorneys for Plaintiff

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................... ii

PRELIMINARY STATEMENT ................................................. 1

STATEMENT OF FACTS ..................................................... 3

ARGUMENT ............................................................... 3

    POINT I
    THE FLAMM LETTER IS INADMISSIBLE HEARSAY UNDER FED. R. EVID. 801
    AND 802, AND THUS MAY NOT BE CONSIDERED UPON SUMMARY
    JUDGMENT .......................................................... 3

    POINT II
    PURSUANT TO FED. R. CIV. P.37, DEFENDANT'S FAILURE TO PRODUCE THE
    FLAMM LETTER IN ACCORDANCE WITH FED. R. CIV. P. 26(e)(1) WARRANTS
    THE LETTER'S PRECLUSION ........................................... 5

CONCLUSION .............................................................. 8

# **TABLE OF AUTHORITIES**

**Case**                                  **Page**

Capobianco v. City of New York, 422 F.3d 47 (2d Cir. 2005) .......................... 3

Henrietta D. v. Giuliani, 2001 U.S. Dist. LEXIS 21848
    (E.D.N.Y. Dec. 19, 2001) ................................................. 6, 7

Inter-American Dev. Bank v. NextG Telecom Ltd., 503 F.Supp.2d 687
    (S.D.N.Y. 2007) ........................................................ 4

Morisseau v. Piper, 2008 U.S. Dist. LEXIS 4699
    (S.D.N.Y. Jan. 23, 2008) ............................................... 3, 4

Nora Bevs., Inc. v. Perrier Group of Am., 164 F.3d 736 (2d Cir. 1998) .................. 4

Pyke v. Cuomo, 2004 U.S. Dist. LEXIS 8318
    (N.D.N.Y. March 12, 2004) .............................................. 7

Raskin v. Wyatt Co., 125 F.3d 55 (2d Cir. 1997) ................................. 4

United States v. 143-147 E.23rd St., 77 F.3d 648 (2d Cir. 1996) ......................... 4

**Rule**

Fed. R. Civ. P. 12(f) .................................................... 1

Fed. R. Civ. P. 26 ...................................................... 3

Fed. R. Civ. P. 26(a) .................................................... 6

Fed. R. Civ. P. 26(a)(1)(B) ............................................... 5

Fed. R. Civ. P. 26(e)(1) ................................................. 5, 6

Fed. R. Civ. P. 37 ................................................... 1, 3, 6

Fed. R. Civ. P. 37 (c) ................................................... 7, 8

Fed.R.Civ.P.37(c)(1) ................................................... 6

Fed. R. Civ. P. 56(e) ................................................... 4

Fed. R. Evid. 801 ..................................................... 3

Fed. R. Evid. 802 ..................................................... 3

Plaintiff Michelle Loscalzo ("Plaintiff") respectfully submits this memorandum of law in support of her motion, pursuant to Fed. R. Civ. P. 12(f) and 37, to strike Exhibit 1 to the Reply Affirmation of Mary Ellen Donnelly in Support of New Roc's Motion for Partial Summary Judgment, a December 5, 2007 letter to Ms. Donnelly from Leonard Flamm, Esq. (the "Flamm Letter"). In the alternative, plaintiff requests leave to amend her opposition to defendant's motion to include evidence, specifically a declaration from Mr. Flamm clarifying matters surrounding his consultations with plaintiff, in a manner consistent with her account of the timing of those consultations.

**PRELIMINARY STATEMENT**

As set forth in her opposition to the motion for partial summary judgment by defendant New Roc Motorcycles, LLC ("Defendant"), in or about late January 2007, plaintiff consulted with an attorney named Leonard Flamm ("Flamm") to explore her legal rights and the matter of enforcing them against defendant as a result of the sexual harassment she had suffered at the hands of defendant's President and part-owner John Meskunas ("Meskunas") (Loscalzo Dec., ¶7; Loscalzo Tr. 239-41, 263-64).[1] Very shortly after that consultation, as part of her ongoing effort to seek redress of Meskunas' harassment by registering complaints about such harassment with

---

[1] "Loscalzo Dec." refers to the Declaration of Michelle Loscalzo, submitted by plaintiff in support of her opposition to defendant's motion for partial summary judgment. "Loscalzo Tr." refers to the transcript of the deposition testimony of plaintiff, relevant excerpts of which transcript were submitted as well in support of her opposition, specifically as Exhibit 1 to the Declaration of Jason Bernbach ("Bernbach Dec."). To avoid unnecessary repetition and in turn unduly burdening the Court, plaintiff has not re-filed those submissions in connection with the instant motion, and thus respectfully refers the Court to them in their original incarnations as part of her opposition to defendant's motion. Similarly, citations to the deposition transcripts of other witnesses in this memorandum are also to excerpts from those transcripts that have been previously submitted in opposition to defendant's motion – specifically as exhibits 2 and 4 to the Bernbach Dec. – such that, in the same interest of averting unwarranted redundancy, plaintiff has eschewed re-submitting them with this motion, and thus respectfully refers the Court to them in the versions included in her opposition papers. Finally, as mentioned above, the Flamm Letter can be found at Ex. 1 to the Donnelly Reply Affirmation.

defendant's human resources director Patricia Massa ("Massa"), plaintiff advised Massa that it was her intention to seek legal counsel for the above purposes – plaintiff's framing this as something she planned to do, as opposed to something she had in fact already done, deriving from her uncertainty as to whether she could trust Massa with that information – and very shortly after *that*, specifically about a week later, plaintiff was terminated (*Id*. & Loscalzo Tr. 240; Meskunas Tr. 121; Massa Tr. 66). In responding to this evidence, and the strong inference of retaliatory intent to which it gives rise, by way of the exceedingly tight temporal nexus it establishes between an act of protected activity on plaintiff's part and the adverse employment action, defendant obviously contacted Flamm regarding his consultation with plaintiff and secured from him the letter that is the subject of this motion, wherein Flamm states "that, based upon a review of my applicable records, it appears that I met in person with Ms. Loscalzo in or about the week of February 19, 2007," or in other words after she had already been discharged (Donnelly Reply Aff., Ex. 1). Even though the letter not only is purported to contradict plaintiff's sworn testimony on the matter (and thus, at the very least, gives rise to an issue of fact in that regard), but is in the space of a single sentence highly equivocal ("it *appears* that I met in person with Ms. Loscalzo" (emphasis added)), palpably imprecise ("*in or about* the *week* of February 19, 2007" (emphasis added)) and oddly cryptic ("based upon my review of my applicable records," without any accompanying production of those records, nor any indication what those records were or why they would not fix the consultation to a specific date), and thus suffers from a multiplicity of immediate detractions from its value and weight, there exist two even more fundamental difficulties with it, namely (1) that it constitutes rank hearsay, and is thus inadmissible, and in turn non-cognizable upon summary judgment, given that only admissible

evidence my be countenanced upon such a motion; and (2) that the letter was never supplied to plaintiff until – and only because of – the advent of defendant's reply brief, a full month and a half after defendant obtained it, thereby running afoul of Fed. R. Civ. P. 26's requirement that all documents that a "party may use to support its claims or defenses" be produced to the party's adversary, with such production to be supplemented when necessary throughout the pendency of the action, a violation that, per Fed. R. Civ. P. 37, is punishable by preclusion of the wrongfully withheld evidence.

## STATEMENT OF FACTS

The relevant facts of the case – as augmented and amplified by those outlined above – have been set forth previously by plaintiff in both her Memorandum of Law in Opposition to Defendant's Motion for Partial Summary Judgment and Statement Pursuant to Local Rule 56.1, and in the interests of avoiding unnecessary repetition and thereby unduly burdening the Court, plaintiff hereby incorporates hereinto by reference the statements of such facts in those papers.

## ARGUMENT
## POINT I
## THE FLAMM LETTER IS INADMISSIBLE HEARSAY UNDER FED. R. EVID. 801 AND 802, AND THUS MAY NOT BE CONSIDERED UPON SUMMARY JUDGMENT

As shown at p. 5 of its reply memorandum in further support of its motion for partial summary judgment, defendant seeks to employ the Flamm Letter as a means of establishing the truth of its assertion that "Plaintiff did not consult with Mr. Flamm until the week of February 19, 2007." And as the Letter is indisputably an out-of-court statement, it both squarely fits Fed. R. Evid. 801's definition of hearsay and in turn comes fully within the ambit of Fed. R. Evid. 802's prohibition against the admission into evidence of hearsay. Capobianco v. City of New

3

York, 422 F.3d 47, 55 (2d Cir. 2005)(Unsworn letters inadmissible hearsay); Morisseau v. Piper, 2008 U.S. Dist. LEXIS 4699, *63-4 (S.D.N.Y. Jan. 23, 2008)("While the letter makes various accusations, it is unsworn. Hence, any relevant statements it might contain are inadmissible, at least because they are hearsay."); Inter-American Dev. Bank v. NextG Telecom Ltd., 503 F.Supp.2d 687, 696 (S.D.N.Y. 2007)("Avila's letter, insofar as it is offered to prove the truth of the assertions made therein, is hearsay," and thus "is not competent evidence" to prove those assertions). And as it is axiomatic that, "[o]n a summary judgment motion, the district court properly considers only evidence that would be admissible at trial," Nora Bevs., Inc. v. Perrier Group of Am., 164 F.3d 736, 746 (2d Cir. 1998); *see also* Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997)("[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment"); Fed. R. Civ. P. 56(e), the categorical fact that the Flamm Letter is the very essence of inadmissible evidence dictates that it is beyond the scope of the Court's consideration upon defendant's motion, and thus should be stricken from its submissions in support of that motion, Capobianco, *supra* (Unsworn letters inadmissible hearsay that may not be considered upon summary judgment); United States v. 143-147 E. 23rd St., 77 F.3d 648, 657-58 (2d Cir. 1996) ("The submission of [an] unsworn letter was an inappropriate response..., and the factual assertions made in that letter were properly disregarded by the court"); Inter-American, *supra* ("Avila's letter, insofar as it is offered to prove the truth of the assertions made therein, is hearsay... It therefore may not properly considered... on this motion" for summary judgment).

4

## POINT II
## PURSUANT TO FED. R. CIV. P. 37, DEFENDANT'S FAILURE TO PRODUCE THE FLAMM LETTER IN ACCORDANCE WITH FED. R. CIV. P. 26(e)(1) WARRANTS THE LETTER'S PRECLUSION

Federal Rule of Civil Procedure 26(a)(1)(B) mandates, in pertinent part, that "a copy of... all documents... that are in the possession, custody, or control of the party and that the disclosing party may use to support its... defenses" must be produced to that party's adversary at the outset of the action, a requirement that Fed. R. Civ. P. 26(e)(1) renders an ongoing one, dictating that such production must be "supplement[ed] at appropriate intervals" in the event the production becomes at some point no longer complete. Thus, in short, defendant was under a continuing obligation throughout the pendency of this case to provide to plaintiff a complete accounting of documentation it possessed that it "may use to support its... defenses," and as the Flamm Letter came into its possession during the course of this action – apparently, given the fax legend on the copy annexed to the Donnelly Reply Affirmation, on December 10, 2007 – and clearly for the purpose of supporting its defenses, specifically those against plaintiff's claim of retaliation, the Letter should have been timely produced to plaintiff. However, despite the foregoing, defendant not only neglected to make such production of the Flamm Letter to plaintiff – not just in a timely fashion, but ever, in fact, as the document only ultimately came into plaintiff's hands, forty-four days after defendant received it, by virtue of its inclusion as an exhibit to defendant's reply brief, which was filed on January 23, 2007 – which is bad enough, but, even worse, it unquestionably failed in this regard in order to sandbag plaintiff with it, specifically by holding the Letter back until after plaintiff had submitted her opposition to the motion to which the Letter related, and thus was without recourse to address it, circumstances which make imposition of the penalty of

5

preclusion provided for under Fed. R. Civ. P. 37 to redress discovery abuses particularly appropriate.[2]

Federal Rule of Civil Procedure 37(c)(1) holds that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1),... is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." As demonstrated above, with regard to its non-disclosure of the Flamm Letter, defendant squarely violated Rule 26(e)(1), and thus should be held to account for such non-disclosure in the form of the penalty prescribed by the Federal Rules as the appropriate sanction for such an improper act, namely preclusion of its use of the non-disclosed Letter upon its motion for partial summary judgment, or in any other venue or manner. While preclusion under Fed. R. Civ. P. 37(c) has been deemed by courts to be "automatic," Henrietta D. v. Giuliani, 2001 U.S. Dist. LEXIS 21848, *12-13 (E.D.N.Y. Dec. 19, 2001)("Rule 37(c) was amended in 1993 and now provides for the automatic exclusion of witnesses and information that were not disclosed despite a duty under Rule 26(a) or 26(e)(1)."), the rule "does caution that the penalty should not apply if the offending party's failure to disclose was 'substantially justified [or]... even in the absence of substantial justification,... if the 'failure is harmless,'" Id., at *13. However, here, defendant is in no way entitled to shelter in either of these safe harbors. First,

---

[2] That the Flamm Letter was apparently received one day after defendant had filed its motion for partial summary judgment does nothing to alter the fact that it should have then been produced immediately to plaintiff. Not only does Rule 26(e)(1) dictate that course absolutely, regardless of whether the document in question bears directly upon a pending motion, as this one did, but even though defendant had not proffered the Letter in support of its main brief, had plaintiff had the Letter in her possession at the time she was preparing her opposition – as she unquestionably should have – she would have addressed it preemptively, given the facts that defendant's planned use of the Letter in connection with its reply would have been obvious, and that, with no allowance for a sur-reply, plaintiff would have been constrained to deal with the Letter in her one and only opportunity to be heard on the motion, i.e. in her opposition.

there exists no imaginable *legitimate* justification, much less a "substantial" one, for why defendant, which must certainly be charged with knowledge and understanding of both Rule 26(a)'s broad disclosure obligations and Rule 26(e)(1)'s operation to render those obligations ongoing, would not, upon procuring a document that it without doubt procured specifically for use (and then did in fact use) in defending against one of plaintiff's claims, comply with its duty under Rule 26 to disclose such defense-related documents to its adversary. Defendant may not attempt to avoid this reality by claiming that its failure to timely supply plaintiff with a copy of the Flamm Letter was a mere innocent error on its attorneys' part, as "[t]he mistake or inadvertence of counsel will not support a finding of good cause." Pyke v. Cuomo, 2004 U.S. Dist. LEXIS 8318, *8 (N.D.N.Y. March 12, 2004). Second, as the "failure to comply with the mandate of... [Rule 37(c)]" is only "harmless when there is no prejudice to the party entitled to the disclosure," Henrietta D., *supra*, *15 (internal quotation marks and citation omitted), that defendant's eleventh-hour revelation of the Flamm Letter, as discussed above, served – and was clearly designed – to deny plaintiff the opportunity to address and rebut it in her opposition papers, the prejudice defendant's so withholding the Letter has inflicted upon plaintiff is both clear and considerable. *Id*. ("Defendants' failure to disclose was not harmless. Plaintiffs have not been afforded an opportunity to review the document at issue, to question witnesses about the document, or to refute its contents on the record. A party's inability to effectively cross-examine a witness or to rebut testimony constitutes severe prejudice"). That this was nothing but an ill-intentioned stratagem to insulate itself from any response by plaintiff to the Letter is underscored by the fact that plaintiff, since receiving the Letter as part of defendant's reply papers, *has* fashioned a response thereto – one that defendant would understandably prefer to see muffled;

specifically, plaintiff has secured a *sworn* statement from Flamm, in which he makes clear that he had had a number of conversations with plaintiff in January 2007 – *before* she was terminated – about the merits of her sexual harassment claims against defendant, and concedes that he cannot fix with any certainty the time of his consultation with plaintiff as having been during the week of February 19, 2007, and in fact possesses no records that would permit him to do so (*See* Flamm Dec., ¶¶2, 3). Needless to say, the foregoing account from Flamm is entirely consistent with plaintiff's testimony, in which she stated that she had sought legal counsel from Flamm in January 2007, and thus temporally supports her related testimony that she used the occasion of seeking such counsel as the impetus to advise Massa in late January 2007 – but roughly a week before then being terminated – that she planned to explore her rights and the possibility of enforcing them against defendant on the basis of Meskunas' sexual harassment.[3]

In sum then, the Flamm Letter is hearsay, and hence inadmissible and improper for consideration upon summary judgment, and even were it not, defendant's failure to produce it to plaintiff, coupled with the lack of any justification for such failure and the significant prejudice it has caused plaintiff, mandate its preclusion under Fed. R. Civ. P. 37(c), and even if *that* were not the case, the Flamm Declaration, in both supporting plaintiff's sworn testimony on the timing of her having sought legal counsel from Flamm and underscoring the mere guesswork giving rise to the Flamm Letter, exposes the Letter as, probatively, not worth the paper it was written on.

## CONCLUSION

Based upon the foregoing, plaintiff respectfully requests that the Flamm Letter be

---

[3] Specifically, Flamm states at ¶3 of his declaration that he "spoke by telephone with Ms. Loscalzo periodically during January 2007, at which times Ms. Loscalzo sought [his] counsel regarding sexual harassment she said she was experiencing at the hands of her employer."

stricken, or in the alternative that leave be granted her to amend her submissions in opposition to defendant's motion for partial summary judgment to include the Flamm Declaration.

Dated: White Plains, New York
January 29, 2008

Respectfully submitted,

BERNBACH LAW FIRM PLLC

By:  s/ Jason Bernbach
Jason Bernbach (JLB-3392)
Jeffrey M. Bernbach (JMB-5131)
245 Main Street
White Plains, New York 10601
(914) 428-9100
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of Plaintiff's Memorandum of Law in Support of Her Motion to Strike, or, in the Alternative, to Amend Her Opposition to Defendant's Motion for Partial Summary Judgment was served by Federal Express on Putney, Twombly, Hall & Hirson LLP, attorneys for defendants, 521 Fifth Avenue, New York, New York 10175, on the 29th day of January, 2008.

                                        s/ Jason Bernbach
                                        Jason Bernbach (JLB-3392)