UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MICHELLE LOSCALZO,  :  Filed via ECF
                        Plaintiff,  :
                        :  Case No.: 07 CIV 3046 (CLB)
        - against -  :
    :
NEWROC MOTORCYCLES, LLC,  :
    :
                      Defendants.  :
------------------------------------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE, OR, IN THE ALTERNATIVE,
FOR LEAVE TO AMEND PLAINTIFF'S OPPOSITION TO
<u>DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

                                **PUTNEY, TWOMBLY, HALL & HIRSON LLP**
                                *Attorney for Defendant NewRoc Motorcycles, LLC*
                                521 Fifth Avenue
                                New York, New York 10175
                                (212) 682-0020

Of Counsel
    Mary Ellen Donnelly

# TABLE OF CONTENTS

      **Page**

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................ 1

POINT I     THE FLAMM LETTER IS NOT BEING USED TO PROVE THE TRUTH OF THE MATTER ASSERTED AND THEREFORE DOES NOT CONSTITUTE INADMISSIBLE HEARSAY ..................... 1

    A.  Plaintiff's Counsel Had an Obligation to Ascertain the Information Contained in the Flamm Letter Prior to the Amendment of the Complaint ........... 4

    B.  Fed. R. Civ. P. 26 does not Necessitate the Production of the Flamm Letter......... 7

    C.  Plaintiff Had an Obligation to Provide NewRoc with the Information Contained in the Flamm Letter .......................................................... 8

CONCLUSION.................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page**

**FEDERAL CASES**

Brazier v. Hasbro, Inc., 2004 U.S. Dist. LEXIS 12455 (S.D.N.Y. 2004) .......................... 3

Eastway Construction Corp. v. City of New York, 762 F.2d 243 (2d Cir. 1985) .............. 6

Haiti-American Fashions, S.A. v. Cigna Ins. Co., 1992 U.S. Dist. LEXIS 786
(S.D.N.Y. 1992) ................................................................................................................. 6

Hewlett-Packard Co. v. Factory Mut. Ins. Co. *2006 U.S. Dist. LEXIS 44365*
(S.D.N.Y., June 28, 2006) .................................................................................................. 5

In re High Fructose Corn Syrup Antitrust Litig., 2000 U.S. Dist. LEXIS 20659
(C.D. Ill. 2000) .................................................................................................................. 7

Inter-American Dev. Bank v. NextG Telecom Ltd., 503 F. Supp. 2d 687
(S.D.N.Y. 2007) ................................................................................................................. 2

Knipe v. Skinner, 19 F.3d 72 (2d Cir. 1994) ...................................................................... 6

Mareno v. Rowe, 910 F.2d 1043 (2d Cir. 1990), *cert. denied*, 498 U.S. 1028 (1991) ....... 6

Scheller v. Willis Group Holdings LTD, 2006 U.S. Dist. LEXIS 57612 (SDNY 2006) ... 7

U.S. v. Cardascia, 951 F.2d 474 (2d Cir. 1991) ................................................................. 1

United States v. Detrich, 865 F.2d 17 (2d Cir. 1988) ........................................................ 1

Ward v. Nat'l Geographic Soc'y, 2002 U.S. Dist. LEXIS 310 (S.D.N.Y. 2002) ............... 7

**FEDERAL RULES**

Fed. R. Civ. P. 11 ........................................................................................................... 4, 6

Fed. R. Civ. P. 26 ...................................................................................................... passim

Fed. R. Civ. P. 26(g)(1) ...................................................................................................... 5

Fed. R. Civ. P. 37 ........................................................................................................... 1, 3

Fed. R. Civ. P. 37(c) .......................................................................................................... 8

Fed. R. Evid. 801(c) ................................................................................................... 1

Rule 26(a) .......................................................................................................... 4, 5, 7

Rule 26(e) ................................................................................................................ 8

Rule 26(e)(1) ........................................................................................................... 7

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted by Putney, Twombly, Hall & Hirson LLP, on behalf of defendant NewRoc Motorcycles, LLP ("NewRoc"), in opposition to Plaintiff's Motion to Strike, or, in the alternative, for leave to amend Plaintiff's Opposition to NewRoc's Motion for Partial Summary Judgment. Specifically, Plaintiff argues that the a December 5, 2007 letter from Leonard Flamm, Esq. (the "Flamm Letter"), should be stricken from NewRoc's Reply Papers pursuant Fed. R. Civ. P. 37 since it: (1) constitutes inadmissible hearsay; and (2) was never supplied to Plaintiff in accordance with Fed. R. Civ. P. 26. In the alternative, Plaintiff requests leave to amend her opposition to NewRoc's Motion for Partial Summary Judgment, to include a declaration from Mr. Flamm, dated January 29, 2008 (the "Flamm Declaration"). For the reasons stated below, NewRoc opposes Plaintiff's Motion and urges the Court to deny Plaintiff's Motion in its entirety.

**POINT I**

**THE FLAMM LETTER IS NOT BEING USED TO
PROVE THE TRUTH OF THE MATTER ASSERTED AND
THEREFORE DOES NOT CONSTITUTE INADMISSIBLE HEARSAY**

The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). "Of course, every out-of-court statement is not hearsay, and all hearsay is not automatically inadmissible at trial." U.S. v. Cardascia, 951 F.2d 474, 486 (2d Cir. 1991). When determining if evidence is inadmissible hearsay, the "threshold question, of course, is whether the proffered statement is hearsay." United States v. Detrich, 865 F.2d 17, 20 (2d Cir. 1988). "No

statement is inherently hearsay. Whether or not a statement is hearsay depends upon what use the offeror intends the fact-finder to make of it." Id. Accordingly, the Flamm Letter is hearsay only if NewRoc is offering the letter to prove the truth of the matter asserted.

The Flamm letter was submitted in connection with NewRoc's Reply Papers not to prove that Plaintiff in fact saw Mr. Flamm during the week of February 19, 2008, but rather, to impeach Plaintiff's claim, and prior deposition testimony. As argued in NewRoc's moving papers, Plaintiff herself was not sure of the times that she met with or consulted any counsel in connection with her claim against NewRoc. The Flamm Letter simply casts doubt on Plaintiff's own recitation of events with respect to her claim of retaliation.

Plaintiff asserts that since the Flamm Letter is unsworn the letter is inadmissible hearsay. However, this general proposition does not hold true when the letter is not being used to prove the truth of the matter asserted. As the court stated in Inter-American Dev. Bank v. NextG Telecom Ltd., 503 F. Supp. 2d 687, 696 (S.D.N.Y. 2007) "*insofar* as [the letter] is being offered to prove the truth of the assertions made therein, it is hearsay." (emphasis added). Here, as the letter was not being used to prove the truth of the matter asserted, it would not constitute inadmissible hearsay. The Flamm Letter was simply being used to further impeach Plaintiff's deposition testimony in which she stated she met with counsel in January 2007 regarding her allegations of sexual harassment. (Exhibit A, Plaintiff's Tr. 263). Plaintiff's testimony regarding when she actually sought counsel and met with Mr. Flamm has been inconsistent and contradictory throughout this action. During her deposition, Plaintiff first claimed she had *gone to see* a lawyer in December, 2006. (Exhibit A, Plaintiff's Tr. 240; Id., Plaintiff's Tr. P. 243 ["Leonard

2

Flamm that I *saw* in December"]). Plaintiff then claimed to have *met* with Mr. Flamm in January of 2007. (Id., Plaintiff's Tr. 263). Plaintiff changed her story multiple times, and the Flamm Letter was being used by NewRoc merely to highlight the inconsistencies of Plaintiff's statement and to impeach her various statements that she *met* with him in either December or January 2007. NewRoc's usage of the letter was in no way an attempt to prove the truth of the matter asserted therein. The lawful and legitimate purpose of this letter was to draw attention to and emphasize for the Court the inconsistencies in Plaintiff's testimony. Plaintiff's claim for retaliation cannot withstand a motion for summary judgment as she is unable to prove, or even credibly argue, that she participated in any protected activity before her termination from NewRoc. Therefore, as the Flamm Letter is not inadmissible hearsay, Plaintiff's motion to strike said letter must be denied.[1]

## POINT II

## NEWROC WAS NOT OBLIGATED TO PRODUCE THE FLAMM LETTER IN ACCORDANCE WITH FED. R. CIV. P. 26

Plaintiff next argues that NewRoc should have produced the Flamm letter in accordance with Rule 26 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P. 26" or "Rule 26"). Plaintiff's counsel additionally argues that they were bombarded with the Flamm Letter as part of an "eleventh-hour revelation" designed to "deny plaintiff the opportunity to address and rebut the Letter in her opposition papers," and that for such reason, this disputed letter should be precluded pursuant to Rule 37 of the Federal Rules

---

[1] Even if the Court finds the unsworn status of the letter to be problematic, the Court has the authority to allow NewRoc to resubmit the letter in admissible form. *See* Brazier v. Hasbro, Inc., 2004 U.S. Dist. LEXIS 12455 *4 (S.D.N.Y. 2004). This is especially so in this case, as these letters are extremely useful to NewRoc's position and essential to NewRoc's Motion for Partial Summary Judgment.

3

of Civil Procedure. This argument is without merit and raised solely to excuse Plaintiff's counsel's failure to satisfy its obligations under Fed. R. Civ. P. 26 and Fed. R. Civ. P. 11.

### A.   Plaintiff's Counsel Had an Obligation to Ascertain the Information Contained in the Flamm Letter Prior to the Amendment of the Complaint

Fed. R. Civ. P. Rule 26 requires a party to supplement its disclosures or responses to a disclosure made under Rule 26(a): (1) if the party learns that in some material respect the disclosure or response is incomplete or incorrect, *and* if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (2) as ordered by the court. (emphasis added). First, the information contained in the Flamm Letter was solely within the control and possession of Plaintiff at the commencement of this action. Plaintiff did not disclose dates, nor produce documents sufficient to support her claim of retaliation. If any party was in violation of Fed. R. Civ. P. 26, it was Plaintiff, not NewRoc.

On August 21, 2007, after seeking permission from the Court, Plaintiff amended her Complaint in this action to include claims against NewRoc for retaliation. It was incumbent upon Plaintiff at that time to submit an amended disclosure under Fed. R. Civ. P. 26 in connection with the additional claims added to her Complaint. Fed. R. Civ. P. 26(e). At no time after the amendment of the Complaint or during the discovery process did Plaintiff ever produce any evidence regarding her consultation with an attorney. It was not until Plaintiff's deposition that Plaintiff even identified for the first time the name of the attorney with whom she allegedly consulted prior to the termination of her employment. Even during that deposition testimony, Plaintiff was unable to state with any specificity the date or dates upon which she had consulted an attorney and instead stated that "[the Amended Complaint], it states I sought legal counsel in January 2007 . . .

4

yeah, that's what it says [in the Amended Complaint], yeah, yes." (Exhibit A, Plaintiff's Tr. 263; Id. at 264). On December 3, 2007, Plaintiff still was not knowledgeable of the date, or even month, she allegedly contacted Mr. Flamm. It was in fact Plaintiff's counsel's obligation to verify with Mr. Flamm the date or dates upon which he consulted with Plaintiff.

Plaintiff commenced this action on April 16, 2007. Plaintiff did not file her Amended Complaint until August 21, 2007. This means that Plaintiff's counsel had four months to ascertain the facts of the matter. Plaintiff's Amended Complaint specifically alleges: "In or about January 2007, Plaintiff consulted with an attorney regarding the above-described unlawful treatment to which she had been subjected by Plaintiff." (Amended Complaint ¶ 12).

> Although a party is not excused from the duty of disclosure just because its factual investigation is incomplete, see Fed. R. Civ. P. 26(a) advisory committee's note (1993 Amendments), a party does have an obligation to make a reasonable inquiry into the facts of the case before making its disclosures pursuant to Rule 26(a)(1). See Fed. R. Civ. P. 26(g)(1). "The Advisory Committee Notes to Rule 26(a) explain that the rule "does not demand an exhaustive investigation at this stage of the case, but one that is reasonable under the circumstances . . . ." Fed. R. Civ. P. 26(a) advisory committee's note (1993 Amendments). The type of investigation that is reasonable 'will vary based upon such factors as the number and complexity of the issues; the location, nature, number, and availability of potentially relevant witnesses and documents; the extent of past working relationships between the attorney and the client, particularly in handling related or similar litigation; and of course how long the party has to conduct an investigation, either before or after filing of the case.

Hewlett-Packard Co. v. Factory Mut. Ins. Co. 2006 U.S. Dist. LEXIS 44365 *41-42 (S.D.N.Y., June 28, 2006). It is clear not only that Plaintiff's counsel did in fact violate the provisions of Fed. R. Civ. P. 26, but that he had more than ample opportunity to investigate the facts of Plaintiff's retaliation claim prior to amending the Complaint in this action, which did not occur until four months after the action was commenced.

5

In fact, Plaintiff's counsel had an ethical obligation to confirm Plaintiff's allegations prior to amending the complaint to include the retaliation claim. Rule 11 of the Federal Rule of Civil Procedure, states in pertinent part:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Fed. R. Civ. Pro. 11; Haiti-American Fashions, S.A. v. Cigna Ins. Co., 1992 U.S. Dist. LEXIS 786, 4-5 (S.D.N.Y. 1992). In accordance with this Rule, the Second Circuit holds that "an attorney's good faith belief in his or her argument must be supported by an objectively reasonable inquiry into its viability." Knipe v. Skinner, 19 F.3d 72, 75 (2d Cir. 1994). "Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the validity of a pleading before it is signed. Simply put, subjective good faith no longer provides the safe harbor it once did." Id. (*Citing* Eastway Construction Corp. v. City of New York, 762 F.2d 243, 253 (2d Cir. 1985)); *See also* Mareno v. Rowe, 910 F.2d 1043, 1047 (2d Cir. 1990), *cert. denied*, 498 U.S. 1028 (1991).

Plaintiff's counsel was therefore also obligated under Rule 11 to conduct an objectively reasonable inquiry into the validity of Plaintiff's retaliation claim, prior to amending Plaintiff's Complaint. Plaintiff's counsel's failure to investigate and verify when Plaintiff actually consulted with an attorney before amending Plaintiff's Complaint was improper. It is not NewRoc's responsibility to investigate for Plaintiff matters which are exclusively within Plaintiff's control. The information contained in the

Flamm Letter, specifically the dates on which Plaintiff consulted with an attorney, was information not only known to Plaintiff, but information which Plaintiff's counsel had an obligation to know before amending Plaintiff's Complaint to add a claim for retaliation.

Plaintiff's claim that she was ambushed, surprised or prejudiced by the facts revealed in the Flamm Letter is demonstrative of the fact that Plaintiff's attorney did not, in fact, conduct the type of investigation he is obligated to conduct under either Fed. R. Civ. P. 11 or Fed. R. Civ. P. 26. NewRoc was simply investigating the veracity of Plaintiff's statements in preparation for motion practice and trial.

**B.**     **Fed. R. Civ. P. 26 does not Necessitate the Production of the Flamm Letter**

NewRoc did not have an obligation to produce the Flamm Letter to Plaintiff under Rule 26(a). Rule 26(a)(1)(A) specifically states that documents and information used to support a party's claims or defenses is discoverable "*unless* the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A). As discussed in Point I, *infra,* the Flamm Letter was being utilized solely for the purpose of impeaching Plaintiff's credibility.

Rule 26 does not create an affirmative duty to produce information for which there was never any enforceable request for production. Scheller v. Willis Group Holdings LTD, 2006 U.S. Dist. LEXIS 57612 (SDNY 2006). *See also* Ward v. Nat'l Geographic Soc'y, 2002 U.S. Dist. LEXIS 310 (S.D.N.Y. 2002) (holding that in the absence of a duty to disclose under Rule 26(a)(1); there was no duty to supplement under Rule 26(e)(1)); In re High Fructose Corn Syrup Antitrust Litig., 2000 U.S. Dist. LEXIS 20659 (C.D. Ill. 2000) (finding that the clear language of Federal Rule of Civil Procedure 26(d) did not require that the defendants, absent a Court order or a discovery response that was materially incomplete or incorrect, to provide information not yet in existence as

7

of the date they answered the discovery request."). Rule 26(e) only requires that defendants amend prior responses to the extent necessary to correct or complete information previously provided. In this matter, the Flamm Letter was being used solely for impeachment purposes and thus was not discoverable under Rule 26(a)(1). There were also no discovery requests from Plaintiff to which the Flamm Letter would be responsive. Accordingly, NewRoc was not obligated to produce the Flamm Letter in accordance with Rule 26.

### C. Plaintiff Had an Obligation to Provide NewRoc with the Information Contained in the Flamm Letter

Plaintiff, however, did in fact have an obligation to produce the information contained in the Flamm Letter to NewRoc. NewRoc's First Request for the Production of Documents dated June 26, 2007, specifically request: "Any correspondence between you or your agents and any other person in connection with your employment with, and/or separation from NewRoc, or your claims alleged in this lawsuit." (Exhibit B, Demand #22) Further, during Plaintiff's deposition, NewRoc requested that she provide any record that she has of the date that she met with Mr. Flamm. (Exhibit A, Plaintiff's Tr. 263). This request went unanswered and Plaintiff did not produce the records requested. Due to Plaintiff's failure to respond, Mr. Flamm was contacted to ascertain if he had any records of the date on which he consulted with Plaintiff.

Plaintiff and Plaintiff's counsel had a duty to know the information contained in the Flamm Letter and the Flamm Declaration. Plaintiff had a duty to disclose such information to NewRoc. Plaintiff's failure to produce such information would mandate that the Flamm Declaration be precluded under Fed. R. Civ. P. 37(c). Additionally,

Plaintiff also failed to disclose Mr. Flamm's identify in her Rule 26 disclosures as someone with information relevant to her claim.

It is indeed ironic that Plaintiff has moved to exclude the Flamm Letter for NewRoc's alleged failure to produce such letter when it is Plaintiff who has repeatedly failed to provide relevant, requested information to NewRoc throughout the course of this litigation. NewRoc has repeatedly requested that Plaintiff produce documents and responses to interrogatories properly propounded by NewRoc. To date, NewRoc has not received appropriate responses to such demands. NewRoc had to send multiple requests in writing to Plaintiff for HIPAA authorizations and names, addresses and telephone numbers of Plaintiff's medical providers.[2] It took almost six months for NewRoc to finally receive all requested information. Additionally, Plaintiff *still* has not produced to NewRoc her pay stubs from two former employers or her unemployment insurance documents, which were first requested on November 9, 2007. NewRoc requested those documents again in NewRoc's Third Request for Production of Documents dated November 12, 2007. Plaintiff's purported lack of knowledge regarding the content of the Flamm Letter is simply further evidence that Plaintiff's counsel has failed to adhere to the very rules it is seeking to enforce through this motion.

---

[2] On June 26, 2007, NewRoc served discovery requests and HIPAA authorization forms upon Plaintiff, with a due date of no later than July 26, 2007. On September 4, 2007, after receiving no responses to NewRoc's discovery requests, NewRoc reminded Plaintiff of outstanding discovery demands, and requested immediate responses. On October 3, 2007, Plaintiff produced to NewRoc information pertaining to Plaintiff's medical providers; however, the information that was sent was incorrect. After ineffectively subpoenaing Plaintiff's medical records, on October 16, 2007, NewRoc contacted Plaintiff to inform Plaintiff that the information provided in response to NewRoc's First Set of Interrogatories was incorrect. On October 3, 2007, Plaintiff resent Plaintiff's proper medical provider information. Then on November 13, 2007, NewRoc sent to Plaintiff HIPAA authorizations for four medical providers which had not been previously identified to NewRoc, despite a proper request for such information. After repeated attempts and repeated requests, Plaintiff provided NewRoc with the information, but again the information was incorrect. On December 20, 2007 and January 11, 2008, Plaintiff supplemented the requests and NewRoc was finally able to properly serve the HIPAA authorizations on Plaintiff's medical providers, long after the discovery period had closed.

## CONCLUSION

For all the foregoing reasons, this Court should deny Plaintiff's motion to strike, or in the alternative, for leave to amend her opposition to NewRoc's motion for partial summary judgment in its entirety.

Dated: New York, New York
       February 4, 2008

                                              /s/ MED
                                    Mary Ellen Donnelly (MD 4396)
                                    PUTNEY, TWOMBLY, HALL & HIRSON LLP
                                    521 Fifth Avenue
                                    New York, New York 10175
                                    (212) 682-0020
                                    *Attorneys for Defendant*
                                    *NewRoc Motorcycles LLC*

## CERTIFICATE OF SERVICE

The undersigned, a member of the Bar of this Court, hereby certifies that she caused a true and accurate copy of the foregoing Memorandum of Law in Opposition to Plaintiff's Motion to Strike, or in the alternative, for Leave to Amend Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment, to be served via electronic filing and overnight mail on February 4, 2008 upon:

>Jeffrey M. Bernbach
>Attorney for Plaintiff
>245 Main Street, 5th Floor
>White Plans, New York, NY 10601

>_____/s/ MED_____
>Mary Ellen Donnelly (MD 4396)
>**PUTNEY, TWOMBLY HALL & HIRSON, LLP**
>*Attorneys for Defendant,*
>*NewRoc Motorcycles, LLC*
>521 Fifth Avenue
>New York, New York 10175
>(212) 682-0020