# Exhibit A

1    meeting?

2        A.    I told Patty.  It wasn't until January,

3    the end of January that I told Patty that I was

4    going to seek legal counsel and I wanted to see if I

5    could trust her.  I had already, you know, gone to

6    see a lawyer.

7        Q.    So what are you referring to in this

8    e-mail when you say "I want to apologize for not

9    telling you sooner"?

10       A.    Because I didn't tell her that I had gone

11   to see the lawyer beforehand.

12       Q.    Before what?

13       A.    Before -- I had gone in December.

14       Q.    For not telling her sooner than what?

15       A.    Telling her at a sooner time that I had

16   gone to see the lawyer.

17       Q.    When did you tell her that you went to

18   see the lawyer?

19       A.    I didn't tell her until like January, the

20   end of January, and once I told her I was going to

21   seek legal counsel, a week later I lost my job.

22       Q.    Why are you apologizing February 23 for

23   not telling her sooner?

24       A.    Meaning that I thought she was my friend,

25   that I should have told her what was going on, but I

1   inappropriate.

2             (Discussion off the record.)

3        Q.   Do you want to clarify what you were

4   saying since your attorney instructed you that you

5   were testifying incorrectly?

6             MR. BERNBACH:  No, no, no, no, no.

7        A.   He wanted me to clarify that it was

8   Leonard Flamm that I saw in December and I saw Jeff

9   in February.

10       Q.   So on February 23, what had been served

11  upon Jack that Patty was aware of?

12            MR. BERNBACH:  Was that the day of my

13  letter?

14            MS. DONNELLY:  No, it's not.

15            MR. BERNBACH:  What's the day of my

16  letter?  After that?

17            MS. DONNELLY:  I'm not testifying.

18            MR. BERNBACH:  If you want to get a clear

19  record.  Whatever.

20            MS. DONNELLY:  I want her to testify

21  truthfully about what happened.

22       A.   I don't recall the dates.  I saw Jeff, I

23  decided to work with him, and he sent the letter to

24  Jack.  I thought Patty was my friend and I wanted to

25  inform her of what was going on before she found out

1          A.    The Amended, it states that I sought

2    legal counsel in January 2007.

3          Q.    That wasn't in the original, correct?

4          A.    Right.  It looks similar, so --

5          Q.    Do you know why your claim that you

6    sought legal counsel in January 2007 was omitted

7    from your original Complaint?

8          A.    I don't know.

9          Q.    Did you, in fact, seek legal counsel in

10   January 2007?

11         A.    I said -- Leonard Flamm, I think I said

12   December.  It was January, that's what it was, yeah.

13         Q.    Do you have any record of the date on

14   which you met with that attorney?

15         A.    No.  I suppose I could find out.

16         Q.    I'm going to request that you provide --

17   that I be provided with any record that you have --

18         A.    Okay.

19         Q.    -- of that date.

20         A.    Okay.

21         Q.    Did you have to pay for that

22   consultation?

23         A.    No, I didn't.

24         Q.    You now believe that meeting to have

25   occurred in January 2007?

1      A.    Yeah, that's what it says here, yeah,

2  yes.

3      Q.    If you went in January 2007, when did you

4  actually complain to Patty Massa about -- not

5  complain, tell Patty Massa about it?

6      A.    That I was going to seek legal counsel,

7  right after that.

8      Q.    After what?

9      A.    After I did seek legal counsel.

10     Q.    With respect to your claim for

11 retaliation in connection with the COBRA payments,

12 have you resubmitted any of the medical bills which

13 they had previously denied payment of?

14     A.    No, I haven't, not yet.

15     Q.    Why not?

16     A.    I just haven't had the chance.

17     Q.    At the time that you were notified that

18 you did not have COBRA coverage, did you contact

19 anybody at the insurance company?

20     A.    Yes, I did.

21     Q.    Who did you contact?

22     A.    I don't remember his name.  I called them

23 to find out what was going on.  They said they had

24 not received any payments from me.

25     Q.    Who did you call?

# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

MICHELLE LOSCALZO,                          :

              **Plaintiff,**            :       Case No.: 07 CIV 3046 (SCR)

                      :       **NEWROCS' FIRST**
     - against -                        :       **REQUEST FOR THE**
                      :       **PRODUCTION OF**
NEW ROC HARLEY DAVIDSON AND BUELL,    :   **DOCUMENTS FROM**
INC.                                        :       **PLAINTIFF**

                      :
            **Defendant.**            :

------------------------------------------------------------------x

      **PLEASE TAKE NOTICE** Defendant NewRoc Motorcycles, LLC, incorrectly sued

herein as New Roc Harley Davidson and Buell, Inc. ("NewRoc"), by and through its counsel, Putney,

Twombly, Hall & Hirson LLP, request that the Plaintiff, Michelle LoScalzo ("Plaintiff"), produce,

and make available for inspection and copying by counsel for NewRoc, each document described in

this First Request for the Production of Documents from Plaintiff.  The documents requested should

be produced at the offices of Putney, Twombly, Hall & Hirson, LLP, 521 Fifth Avenue, New York,

New York 10175, within thirty (30) days from your receipt of this request.

## DEFINITIONS

      1.     As used in this request, the term "document" or "documents" means, without

limitation, any written, recorded, filmed or graphic matter, whether produced, reproduced or on

paper, cards, tapes, film, electronic facsimile, computer storage devices or any other media,

including, but not limited to, memoranda, notes, minutes, records, photographs, correspondence,

telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs,

reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications,

agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings

of oral conversations, work papers, and also including, but not limited to, originals and all copies which are different in any way from the original whether by interlineations, receipt stamp notation, indication of copies sent or received, or otherwise, and drafts, which are in the possession, custody or control of Plaintiff or in the possession, custody or control of the present or former agents, representatives, or attorneys of plaintiff, or any and all persons acting on Plaintiff's behalf, including documents at any time in the possession, custody or control of such individuals or entities or known by Plaintiff to exist.

2.      The term "person" means all entities, including, but not limited to: natural persons; associations; companies; partnerships; partners; joint ventures; corporations and their subsidiaries, affiliates or parents; trusts; estates; public agencies; departments; bureaus; boards; any other forms of business organization or arrangement; and any government or political subdivision or its departments or agencies.  The term "communication(s)" means the transmittal of information, ideas, opinions, or inquiries via any means (including by writing, electronically, verbally or otherwise), and includes all means of imparting or exchanging information, ideas, opinions or inquiries.

3.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting, summarizing, reflecting, embodying, memorializing, documenting, containing, mentioning, discussing, or commenting on.

4.      The term "Plaintiff" and/or "LoScalzo" means and shall refer to Plaintiff Michelle LoScalzo.

5.      "NewRoc" means NewRoc Motorcycles, LLC and/or New Roc Harley Davidson and Buell, Inc., NewRoc in this action.

2

6.      Unless specifically indicated otherwise, all responsive documents concerning or created or generated during the period November, 2005 to the date of production of documents shall be produced.

## CLAIM OF PRIVILEGE

1.      At the time for document production set forth above, all documents requested as to which Plaintiff (i) claims a privilege and/or (ii) contends are not subject to production, shall be listed separately by request number, setting forth for each document:

      a.      the type of document (e.g., letter, memorandum, report, etc.);

      b.      the date;

      c.      the title;

      d.      the author;

      e.      the addressee(s) or any other person(s) who was (were) sent, received, or obtained copies of the document;

      f.      the subject matter of the document; and

      g.      the factual and legal basis for the claimed privilege or ground for non-production asserted with respect to the document.

## FORM OF PRODUCTION

2.      The documents requested herein shall be organized and labeled at production so as to indicate the request number(s) pursuant to which each document is being produced, the source of the document, and the present custodian of the document.

3.      If any documents responsive to this request have been destroyed or disposed of, state for each such document the date, author, all recipients, their titles, type of document and the subject

thereof, and give the circumstances, date and reasons for the destruction or other disposal of the document.

4.    If documents requested are not in your control, identify who has control and the location of the records.

5.    This is a continuing demand and if any of the documents requested is obtained after the date of this demand, notice or copies of those documents are to be furnished to the undersigned pursuant to this demand and the Federal Rules of Civil Procedure.

## DOCUMENT PRODUCTION REQUESTS

1.    Any and all documents relating to your job performance at NewRoc including, but not limited to, any performance evaluations, commendation letters, self-evaluations, reprimands, warning letters, and criticisms or critiques of your performance by subordinates, peers, superiors or others.

2.    Any and all documents upon which you rely for your allegations that you were discriminated against on account of your sex or gender including, but not limited to, any statistical studies, reports or surveys regarding same prepared by you or your agents.

3.    Any and all documents sent by Plaintiff or her representative(s) on her behalf to or received from the United States Equal Employment Opportunity Commission and/or the New York State Division of Human Rights or any other governmental agency which refer or relate in any way to the claims of discrimination you have asserted against NewRoc.

4.    Any and all documents which refer or relate to any complaint made by you to NewRoc during your employment, concerning the claims of discrimination you have asserted against NewRoc.

4

5.      Any and all documents which refer or relate to any complaint made by you to NewRoc after the separation of your employment with NewRoc, concerning the claims of discrimination you have asserted against NewRoc.

6.      Any and all documents which refer or relate in any way to your claims that you have suffered emotional distress including, but not limited to, documents referring or relating to all medical, psychiatric or psychological treatment, therapy or counseling that you have received or intend to receive, in connection with this claim.  Several copies of a HIPAA Authorization form are attached for your execution.  Please execute one for each counselor, therapist, medical, psychiatric, and/or psychological professional from which you received treatment, counseling or therapy since January 1, 1997.

7.      Any and all documents that relate in any way to your claim that you experienced and/or continue to experience "emotional pain and suffering" as alleged in the "Wherefore" clause of the Complaint.

8.      A copy of any and all documents relating to any claims for workers' compensation, disability and/or unemployment benefits filed by you during the years 2003 to date.

9.      Any and all documents that relate in any way and/or support your claim that actions of NewRoc caused you "economic" damages as alleged in the Complaint.

10.     Any and all documents that relate in any way and/or support your claim that actions of NewRoc caused you "compensatory" damages as alleged in the Complaint.

11.    Any and all documents that relate in any way and/or support your claim that actions of NewRoc caused you "punitive" damages as alleged in the Complaint.

12.    Your Federal and State income tax returns for the tax years 2004, 2005, 2006 and, when filed, 2007.

13.    Your W-2 and/or 1099 Forms for the tax years 2004, 2005, 2006 and, when filed, 2007.

14.    All documents concerning your efforts to obtain employment following your separation from NewRoc including, but not limited to, job applications, want ads, interview notes, job offers, job notices, and letters from or to prospective employers.

15.    A copy of all of your resumes used in efforts to obtain employment following your separation from NewRoc.

16.    Any and all documents, notes or memoranda prepared by you in connection with your job search after your separation from employment with NewRoc.

17.    Any and all documents concerning compensation or income you have received since your separation from NewRoc including, but not limited to, W-2 forms, check stubs and documents concerning benefits provided by your new employer or employers.

18.    Any and all correspondence, memoranda or notes between you, or your agents, and any present and/or former employees, officers, directors or agents of NewRoc relating in any way to your claims against them.

19.    Any and all copies of audiotape and/or videotape recordings you may have concerning your employment with, or separation from NewRoc or concerning your claim of

6

discrimination, including but not limited to, any tape recordings of phone conversations with any present and/or former NewRoc's employee, officer, director, or agent.

20.     Any and all transcripts of audiotape recordings you have concerning your employment with, or separation from NewRoc or concerning your claims of discrimination including, but not limited to, any tape recordings of in-person and/or phone conversations with any present and/or former employee, officer, director, or agent of NewRoc.

21.     Any notes, diaries, or calendars you or your agents may have created in connection with your employment with, and/or separation from NewRoc, or your claims alleged in this lawsuit.

22.     Any correspondence between you or your agents and any other person in connection with your employment with, and/or separation from NewRoc, or your claims alleged in this lawsuit.

23.     Any and all documents that support your contention that you were treated disparately based upon your gender and that you "complained" as alleged in the Complaint.

24.     Any and all documents concerning your job duties at NewRoc including, but not limited to, position descriptions and memoranda from peers or superiors.

25.     Any and all documents recording or scheduling your day-to-day activities during your employment with NewRoc including, but not limited to, any diaries or calendars, electronic or otherwise.

26.     Copies of any complaint made by Plaintiff concerning purported sexual harassment as alleged in the Complaint.

7

27.    Any and documents that concern or relate in any way to Plaintiff's termination as alleged in the Complaint.

28.    Any and all documents that support your contention that NewRoc discriminated, and harassed Plaintiff in violation of New York Human Rights Law as alleged in the Complaint.

29.    Any and all documents that support your contention that NewRoc discriminated and harassed and retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 as alleged in the Complaint.

30.    Any and all documents upon which you rely to answer the NewRoc's First Set of Interrogatories Directed to Plaintiff.

31.    Any and all psychological and/or psychiatric reports regarding your state of mind received from the age of eighteen (18) to the present.

32.    Any and all retainer agreements with counsel and former counsel regarding your employment or separation from employment with NewRoc.

33.    All retainer agreements and/or any other contracts or agreements regarding legal fees between Plaintiff and her attorney representing her in this lawsuit.

34.    To the extent not produced in response to the Document Requests above, any and all documents and things Plaintiff intends to rely upon and/or introduce at the time of trial.

35.    Copies of any photographs you may have regarding your claims of discrimination, harassment and/or retaliation.

36.    All documents concerning your educational background, vocational training and/or computer training, including any licenses, degrees, certifications or certificates awarded.

8

37.    All documents concerning your claim that NewRoc's actions cost you actual damages including, but not limited to, loss of income and benefits, and all documents containing calculations of alleged damages.

38.    A copy of any employment manuals, handbooks or personnel policies for NewRoc.

39.    The documents upon which you rely for your allegation that you performed your job duties satisfactorily, with care and success while employed by NewRoc.

40.    The documents upon which you rely for your allegation that you were repeatedly harassed by John Meskunas.

41.    Copies of all cellular telephone records for the period November 2005 through the present.

42.    Copies of all emails sent by and between you and any current or former employee of NewRoc from November 2005 through the present.

43.    Copies of all emails sent by you to anyone regarding your employment with and separation of employment from NewRoc.

44.    Copies of any pictures of any current or former motorcycles purchased by you from NewRoc.

45.    Copies of any pictures of any current or former motorcycles owned by you.

46.    Copies of any pictures taken of you at work or any work related event.

47.    The documents upon which you rely for your allegation that you were subject to a hostile work environment.

9

48.    The documents upon which you rely for your allegation that you repeatedly made it clear to Mr. Meskunas that you found his behavior offensive and unwelcome.

49.    The documents upon which you rely for your allegation Wayne Sforza subjected you to unwarranted criticism, refused to pay overtime and interfered with your right to sales commission.

50.    The documents upon which you rely for your allegation that you complained to Patricia Massa about Mr. Sforza.

51.    The documents upon which you rely for your allegation that NewRoc's complaints about your job performance were false.

52.    Copies of all tests, worksheets, certificates or course material provided to you or taken by you while you were employed by NewRoc.

53.    The documents upon which you rely for your allegation that NewRoc's reason for discharging you is false and a pretext for discrimination.

54.    The documents upon which you rely for your allegation that you were denied equal terms and conditions of employment.

Dated: New York, New York
       June 26, 2007

_____
Mary Ellen Donnelly (MD 4396)
Alexander Soric (AS 3305)
**PUTNEY, TWOMBLY, HALL & HIRSON LLP**
521 Fifth Avenue
New York, New York 10175
(212) 682-0020
*Attorneys for Defendant, NewRoc Motorcycles, LLC*

10

## CERTIFICATE OF SERVICE

The undersigned, a member of the Bar of this Court, hereby certifies that she caused a true and accurate copy of the foregoing **First Request For The Production Of Documents From Plaintiff of NewRoc Motorcycles, LLC** to be served via overnight mail on June 26, 2007 upon:

> Jeffrey M. Bernbach
> *Attorney for Plaintiff*
> 245 Main Street, 5th Floor
> White Plains, New York, NY 10601

> /s/ MED
> Mary Ellen Donnelly (MD 4396)
> **PUTNEY, TWOMBLY HALL &
> HIRSON, LLP**
> *Attorneys for Defendant, NewRoc
> Motorcycles, LLC*
> 521 Fifth Avenue
> New York, New York 10175
> (212) 682-0020

11